ACCEPTED
06-15-00086-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/28/2015 1:15:24 PM
DEBBIE AUTREY
CLERK

No. 06-15-00086-CV

IN THE SIXTH DISTRICT COURT OF APPEALS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/28/2015 1:15:24 PM
DEBBIE AUTREY
Clerk

IN RE TARA BROOK TYNDELL,
*RELATOR*

Original Proceeding Arising from the
196th Judicial District Court
Hunt County, Texas
No. 76,122
(Hon. J. Andrew Bench, Presiding)

RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Respectfully submitted by,

GEORGANNA L. SIMPSON
SBN 18400965
GEORGANNA L. SIMPSON, P.C.
1349 Empire Central Drive
Woodview Tower, Ste. 600
Dallas, Texas 75247
Phone: 214-905-3739 • Fax: 214-905-3799
georganna@glsimpsonpc.com

COUNSEL FOR REAL PARTIES IN INTEREST
JOHN NOWELL AND JENNIFER NOWELL

ORAL ARGUMENT REQUESTED AT COURT'S DISCRETION

## IDENTITY OF PARTIES AND COUNSEL

**Relator:**                 **Tara Brook Tyndell**
*Petitioner in the underlying suit*

**Represented in the**       **E. Alan Bennett**
**Appellate Court by:**     510 N. Valley Mills Dr., Ste. 500
Waco, Texas 76710

**Represented in the**       **Tonya C. Toups**
**Trial Court by:**           2615 Calder Ave., Ste 400
Beaumont, Texas 77702

**Philip D. Alexander**
P.O. Box 38
Emory, TX 75440

**Fredrick C. Shelton**
P.O. Box 1335
Greenville, Texas 75403

**Deborah Slye-Miller**
435 S. Bois D'Arc
Tyler, Texas 75702

**Bruce N. Smith**
SMITH & SHIPLEY LAW
2750 IH-10 East, Ste. 200
Beaumont, Texas 77703

**John C. Ginn**
P.O. Box 493
Sulphur Springs, Texas 75483

| | |
|---|---|
| **Respondent:** | **The Honorable J. Andrew Bench**<br>196th Judicial District Court<br>P.O. Box 1097<br>Greenville, Texas 75401-1097 |
| **Real Parties in Interest:** | **John Nowell and Jennifer Nowell**<br>*Respondents in the underlying suit;*<br>*Joint Managing Conservators of the Child*<br>*Maternal Great Uncle and Aunt of the Child* |
| **Represented in the Appellate Court by:** | **Georganna L. Simpson**<br>**GEORGANNA L. SIMPSON, P.C.**<br>1349 Empire Central Drive<br>Woodview Tower, Ste. 600<br>Dallas, Texas 75247<br>Phone: 214-905-3739 • Fax: 214-905-3799<br>Email: georganna@glsimpsonpc.com |
| **Represented in the Trial Court by:** | **Holly H. Gotcher**<br>**LAW OFFICES OF MORGAN & GOTCHER**<br>2610 Stonewall Street<br>P.O. Box 556<br>Greenville, Texas 75403-0556<br>Tel: (903) 455-3183 (Greenville)<br>Tel: (903) 450-8800 (Metro)<br>Fax: (903) 454-4654<br>holly@morgan-gotcher.com<br><br>**Shannon M. Estrada**<br>**LAW OFFICE OF SHANNON M. ESTRADA**<br>2507 Washington Street<br>P.O. Box 765<br>Greenville, Texas 75401 |
| **Real Party in Interest:** | **Zachary Williamson,** *Pro Se*<br>*Respondent in the underlying suit;*<br>*Father of the Child* |

# TABLE OF CONTENTS

*Identity of Parties and Counsel*................................................................*i*

*Index of Authorities* ..............................................................................*vi*

*Abbreviations and Record References* .......................................... *viii*

*Statement of the Case* ............................................................................*ix*

RESPONSE TO PETITION FOR WRIT OF MANDAMUS

I.    STATEMENT OF FACTS........................................................... 1

    A.    THE SAPCR—HUNT COUNTY ...................................... 1

    B.    THE DIVORCE—JEFFERSON COUNTY ........................... 9

II.   SUMMARY OF THE ARGUMENT............................................ 10

III.  ARGUMENT .......................................................................... 11

    A.    RESPONSE TO ISSUE ..................................................... 11

        **Respondent did not abuse his discretion in denying Mother's motion to transfer the SAPCR from Hunt County to Jefferson County.**

        **1.    Mother was not entitled to a mandatory transfer of continuing exclusive jurisdiction from Hunt County to Jefferson County**........................................... 11

> a. Establishing the existence of a valid marriage to be dissolved is a condition precedent to a mandatory transfer under Texas Family Code Section 155.201(a) ............................................ 11
>
> b. Transferring the SAPCR from Hunt County to Jefferson County would not be in the Child's best interest ...................................... 15
>
> c. Mandatory transfer provisions of the Family Code were not meant as a tool to manipulate venue and to play courts off one against the other through the use of a petition for divorce ................................................................ 18
>
> d. Here, conservatorship of the Child is not an integral part of Mother and Father's alleged informal marital relationship .............................. 22
>
> 2. Mother failed to diligently seek a hearing on her motion to transfer ........................................... 22

PRAYER ................................................................................... 24

CERTIFICATION OF FACTS AND VERIFICATION OF RECORD ...................... 25

CERTIFICATE OF COUNSEL REGARDING WORD COUNT ........................... 26

CERTIFICATE OF SERVICE ........................................................... 26

REAL PARTIES IN INTEREST JOHN AND JENNIFER NOWELL'S APPENDIX:

Tab 1: Motion for Enforcement of Possession or Access with Temporary Restraining Order and Extraordinary Relief (03/28/11)

Tab 2: Request for Warrant to Take Physical Custody of Child (03/29/11)

**Tab 3:** **Order for Issuance of Warrant to Take Physical Custody of Child (03/29/11)**

**Tab 4:** **Motion to Deny Relief in Suit to Modify Parent-Child Relationship, Motion to Dismiss, and in the Alternative, Motion to Abate Proceedings (06/01/11)**

**Tab 5:** **Bridge Temporary Orders (06/02/11)**

**Tab 6:** **Subpoena Duces Tecum to Mother (02/10/12)**

**Tab 7:** **Citation serving Mother's Original Petition for Divorce on Aunt and Uncle (05/27/15)**

# INDEX OF AUTHORITIES

*Case Law***:**

**1.** *In re Cooper* ........................................................................ 16, 17
320 S.W.3d 905
(Tex. App.—Texarkana 2010, orig. proceeding)

**2.** *Fite v. Nelson* ............................................................................. 15
869 S.W.2d 603
(Tex. App.—Houston [14th Dist.] 1994, no writ)

**3.** *Garza v. Texas Dept. of Human Services* .............................. 18, 19, 24
757 S.W.2d 44 (Tex. App.—San Antonio 1988, writ denied)

**4.** *In re Hancock* ............................................................................ 13
No. 13-09-00123-CV, 2009 WL 1089481
(Tex. App.—Corpus Christi 2009, no pet.)

**5.** *In re M.A.S.* ...............................................................14, 18, 19, 20, 24
246 S.W.3d 182 (Tex. App.—San Antonio 2007, no pet.)

**6.** *In re Marriage of Allen* .................................................................. 22
593 S.W.2d 133 (Tex. Civ. App.—Amarillo 1979, no writ)

**7.** *Neal v. Avey* ................................................................................. 14
853 S.W.2d 707 (Tex. App.—Houston [14th Dist.] 1993, writ denied)

**8.** *In re Powell* ........................................................................... 13, 15
79 S.W.3d 814
(Tex. App.—Fort Worth 2002, orig. proceeding)

**9.** *In re R.E.A.* ....................................................... 18, 20, 24
No. 13–10–00557–CV, 2011 WL 3557427
(Tex. App.—Corpus Christi 2011, no pet.) (mem. op.)

**10.** *Trader v. Dear* ....................................................... 16
565 S.W.2d 233 (Tex. 1978) (orig. proceeding)

**11.** *Yates v. Gaithier* ....................................................... 14
725 S.W.2d 529 (Tex. App.—Dallas 1987, no writ)

*Statutes***:**

**1.** **Tex. Fam. Code § 153.002** ....................................................... 16

**2.** **Tex. Fam. Code § 155.201** ....................................10, 11, 12, 13, 14, 15

**3.** **Tex. Fam. Code § 155.204** ....................................12, 13, 15, 23

# ABBREVIATIONS AND RECORD REFERENCES

*Abbreviations***:**

1.     Tara Brook Tyndell shall be referred to as **Mother**.

2.     Respondent Honorable J. Andrew Bench, Judge Presiding shall be referred to as **Respondent**.

3.     Real Party in Interest Jennifer Nowell shall be referred to as **Aunt**;

4.     Real Party in Interest John Aubrey Nowell shall be referred to as **Uncle**.

5.     Real Party in Interest Zachary Scott Williamson shall be referred to as **Father**.

6.     The child, K.T.W., shall be referred be referred to as the **Child**.

*Record References***:**

1.     The appendix and optional appendix attached to Relator Tara Brook Tyndell's Petition for Writ of Mandamus shall be referred to as App. and OA, respectively, and will be cited by tab and page number as appropriate. **App.__:__**; **OA.__:__**.

2.     The reporter's records attached to Relator Tara Brook Tyndell's Petition for Writ of Mandamus shall be referred to as RR, and will be cited pursuant to Relator Tara Brook Tyndell's Record Index and page number as appropriate. **__RR:__**. The two reporter's records containing hearing exhibits shall be similarly cited. **__RREx:__:REx.__**.

3. The appendix attached to Real Party in Interest John and Jennifer Nowell's Response to Petition for Writ of Mandamus shall be referred to as RPI.App, and will be cited by tab and page number as appropriate. __RPI.App.__:__.

## STATEMENT OF THE CASE

***Nature of the Case*:**    The underlying case involves a modification of the conservatorship of one Child.

***Respondent*:**    Respondent is the Honorable J. Andrew Bench, presiding judge of the 196th Judicial District Court in Greenville, Hunt County, Texas.

***Respondent's Actions*:**    **On November 30, 2010,** an agreed final order appointed Aunt and Uncle joint managing conservators of the Child and granted Mother visitation with the Child as agreed to by the Parties. **OA.1**. **On March 11, 2011,** Mother filed a Petition to Modify the Parent-Child Relationship ("SAPCR"). **OA.2**. **On August 2, 2011,** shortly after temporary orders had been entered in the SAPCR, Mother filed in Jefferson County a Petition for Divorce alleging an informal marriage to Father. **OA.12**. **On August 15, 2011,** Mother filed a motion to transfer continuing, exclusive jurisdiction over the Child from Hunt County to Jefferson County. **OA.15**. **On June 16, 2015,** Respondent signed an ordering denying Mother's motion to transfer, and **on September 26, 2015,** Respondent signed an order denying Mother's Motion to reconsider. **Apps.1, 3**.

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

Real Parties in Interest Jennifer Nowell and John Aubrey Nowell file this response to Relator Tara Brook Tyndell's Petition for Writ of Mandamus and, as grounds therefore, would show the Court as follows:

## I.
### STATEMENT OF FACTS

### A. The SAPCR—Hunt County.

1. **On July 9, 2008,** the Child was born to Tara Brook Tyndell ("Mother") and Zachary Scott Williamson ("Father").

2. **On August 12, 2010,** the Child began residing with Jennifer and John Nowell, the Child's maternal great aunt and uncle ("Aunt" and "Uncle," respectively). **RPI.App.1:5–8**. **On November 30, 2010,** an agreed order appointed Aunt and Uncle joint managing conservators and Mother possessory conservator, with Mother's visitation with the Child as agreed to between the parties. **OA.1**. Father was not a party to this suit. **OA.1**.

3. **On March 11, 2011,** less than a year after the agreed order was signed, Mother filed a Petition to Modify Parent-Child Relationship ("SAPCR") in Hunt County. **OA.2**.

4. **On March 28, 2011,** at the beginning of a scheduled visitation in Hunt County, Mother and Father kidnapped the Child. **RPI.App.1**. **That same day,** Aunt and Uncle filed a Motion for Enforcement of Possession or Access with Temporary Restraining Order and Extraordinary Relief. **RPI.App.1**. **On March 29, 2011,** Aunt and Uncle requested and obtained a warrant to return the Child to Hunt County. **RPI.Apps.2, 3**.

5. **On April 21, 2011,** Father filed an answer and counterpetition in the Hunt County SAPCR requesting in part that the court appoint him and Mother as joint managing conservators. **OA.4, 5**. Father did not identify Mother as his Wife. **OA.4:2**.

6. **On May 12, 2011,** Father filed an Original Petition for Bill of Review in which he sought to set aside the November 30, 2010

Agreed Order and asserted that he resided in Van Zandt County and that Mother resided in Hunt County.[1] **OA.6:1**.

7. **On June 1, 2011,** Aunt and Uncle sought to dismiss Mother's SAPCR because she had filed her modification suit within one year of the prior orders and had not attached a sworn affidavit containing sufficient facts to satisfy the requirements of Texas Family Section 156.102. **RPI.App.4**.

8. **On June 2, 2011,** the Hunt County trial court entered orders granting Mother and Father limited visitation with the Child, supervised by an off-duty Hunt County police officer. **RPI.App.5:2–3**.

9. **On June 22, 2011,** Aunt and Uncle served Father with written discovery. **OA.10**. **On June 23, 2011,** Aunt and Uncle served Mother with written discovery. **OA.11**.

10. **On August 15, 2011,** Mother filed a motion to transfer in Hunt County, seeking to have continuing exclusive jurisdiction over the Child transferred from Hunt County to Jefferson County where she had filed a suit to dissolve an alleged informal mar-

---

[1] The trial court denied Father's Petition for Bill of Review on October 3, 2011. **OA.19**.

riage. **OA.15**. Mother had served neither Aunt nor Uncle with the suit to dissolve her alleged informal marriage and did not attach a copy of the petition to her motion to transfer. **OA.15**.

11. **On September 2, 2011,** Aunt and Uncle filed a response and objections to Mother's motion to transfer to which was attached Aunt's controverting affidavit, arguing that Mother and Father's alleged informal marriage was a sham, that the motion to transfer was filed in bad faith, and that a transfer of continuing exclusive jurisdiction over the Child from Hunt County to Jefferson County would not be in the Child's best interest. **OA.16**.

12. **Over the next two years,** multiple hearings were set on Mother's motion to transfer, including but not limited to:

   - September 15, 2011, **OA.18, 1RR:11**;

   - February 28, 2012, **OA.21, 1RR:11**;

      - Cancelled by Mother's attorney, **OA.22**;

   - September 13, 2012, **OA.24**;

   - November 8, 2012, **OA.27**;

      - Continued due to Father's failure to comply with discovery requests, **4RR**; and

- January 8 or 10, 2013, **4RR:7**; **5RR:4**.

These hearings were either reset at Mother's request, *see* **OA.22**, or continued as a result of Mother and Father's failure to respond to discovery requests relevant to whether they were in fact married. *See* **2RR:13–14**; **6RR**; **OA.27:Ex.A**; **OA.34:1**; **OA.36**.

13. **On February, 10, 2012**, Aunt and Uncle served Mother and Father with subpoenas duces tecum requiring them to appear with documentation to establish the existence of a marriage to Father. **2RR:13**; **OA.27:Ex.A**; **RPI.App.6**; **6RR:3-4**. Mother failed to appear or produce any of the requested documentation. **2RR:13–14**. Father produced one piece of paper. **6RR:3-4**.

14. **On May 2, 2013,** Respondent's predecessor held a hearing on Aunt and Uncle's motion to compel discovery. **OA.34**. Mother did not appear. **OA.34:1**.

15. **On October 1, 2013,** Respondent's predecessor held a hearing on Aunt and Uncle's motion to continue the October 29, 2013 hearing on Mother's motion to transfer. **6RR**. Mother's attorney failed to appear. **6RR:5**.

16. **On October 10, 2013,** the Hunt County trial court signed an order finding that Father had failed to completely respond to Aunt and Uncle's discovery requests and ordered that no hearing on Mother's motion to transfer would be scheduled until after Father provided complete and sufficient answers to Aunt and Uncle's discovery requests. **OA.36**. Mother has never challenged this order.

17. **On September 15, 2014,** rather than insisting her motion to transfer be heard, Mother filed a motion for mediation, which the trial court granted, ordering the parties to participate in mediation on December 15, 2014. **OA.41, 42**.

18. **On March 3, 2015,** Mother sent Aunt and Uncle a letter informing them of a final hearing in the SAPCR set for April 30, 2015. **OA.43**. **On April 15, 2015**, Mother sent Aunt and Uncle a letter informing them of a hearing on her motion to transfer set for April 28, 2015—two days before the final hearing. **OA.46**.

19. **On April 23, 2015,** Respondent received a letter from the Jefferson County trial court advising him of the pending cause of action in Jefferson County. **OA.49**.

20. **On April 28, 2015,** the final hearing was reset until May 29, 2015 because Father had still not complied with the discovery orders (signed in October 2013). **7RR**.

21. **On May 29, 2015,** Respondent held a hearing on Mother's motion to transfer. **1RR**. In addition to the three exhibits entered by Aunt and Uncle, Respondent took judicial notice of its file and of the letter from the Jefferson County court regarding Mother's petition to dissolve her alleged informal marriage to Father. **1RR:26–27**. At the conclusion of the hearing, Respondent denied Mother's motion to transfer venue. **1RR:24–25**.

22. **On June 16, 2015,** Respondent signed an order denying Mother's motion to transfer. **App.1**. This is the order that is the subject of Mother's petition for writ of mandamus.

23. **On July 15, 2015,** Mother filed a motion to reconsider, to which she attached her Jefferson County petition for divorce. **OA.57**.

24. **On September 8, 2015,** Respondent conducting a hearing on Mother's motion to reconsider, **2RR**. At the hearing's conclusion, Respondent stated:

I'm inclined to overrule the Motion for Reconsideration. I do feel like the law is written for a purpose, and it can be perverted. And I think it would be perverted in this particular case if I grant the Motion for Reconsideration and if I grant the Motion to Transfer. [¶] However, I want to do some research [before I rule.]…[T]he history of this case, the facts of this case, and the alignment of the parties all lead me to believe that there has been gamesmanship…I don't think the legislators ever considered the possibility that someone would litigate a case almost to the end and then say, ["]no, I changed my mind; I'm going to go somewhere else["]…I understand there may be different reasons why [the hearing on Mother's motion to transfer] didn't get heard this time or that. But some of the time, if not most of the time, it's been [Mother's] decision not to do it. And then she's come this Court and said, ["]do this for me; set me a trial; send me to mediation; let me try to resolve this case. But if I don't get it resolved, I'm going somewhere else because I don't like you, Judge.["]…In no other circumstance does the law allow you to avail yourself of a Court, to rely on its jurisdiction, to order you to do things that you've asked for, to avail yourself of the powers of the Court and then come and say [the Court had] no power and [it hasn't] for four years….I hope that no one has come and lied to the court or misled the Court intentionally to get an advantage…But I do know that [Mother] has asked this Court for relief and has received it since she said this Court lacked jurisdiction to act.

**2RR:25–29**.

25. **On September 26, 2015,** Respondent signed an order denying Mother's motion to reconsider. **App.3**.

**B.     The divorce—Jefferson County.**

1.      **On August 2, 2011,** Mother filed a petition for divorce in Jefferson County alleging an informal marriage between herself and Father. **OA.12**. In her petition, Mother identified Aunt and Uncle as persons entitled to service but did not identify them as conservators of the Child. **OA.12:2**. Additionally, she failed to identify the November 30, 2010 Hunt County final order or the June 2, 2011 Hunt County temporary order in her petition for divorce and instead falsely stated that the Child was "not under the continuing jurisdiction of any other court," and "[t]here are no court-ordered conservatorships, court-ordered guardianships, or other court-ordered relationships affecting the [Child]." **OA.12:2**.

2.      **On May 7, 2015,** almost four years later, Mother and Father filed in Jefferson County an agreed motion for partial summary judgment, asking the Jefferson County trial court to find an informal marriage between them as a matter of law. **OA.54**; **1RR:18–19**.

3.      **On May 19, 2015,** Aunt and Uncle filed in Jefferson County a motion to continue the hearing on Mother's and Father's motion for partial summary judgment. **OA.55**; **1RR:20**. Aunt and Uncle

noted that they had not yet been properly served as necessary parties to Mother's divorce and had not received notice of the summary judgment hearing as required by Texas Rule of Civil Procedure 166a(c). **OA.55**; **1RR:20**.

4. **On May 27, 2015,** Aunt and Uncle were served for the first time with Mother's petition for divorce. **RPI.App.7**; **1RR:22**.

## II.
### SUMMARY OF ARGUMENT

The mandatory transfer provisions of the Texas Family Code were not meant as a tool to manipulate venue and to play courts off one against the other through the use of a petition for divorce. In order to establish grounds for a transfer pursuant to Texas Family Code Section 155.201(a), a party must show that (1) the child is the biological child of both parties to the divorce; and (2) a marriage between the parents subject to dissolution exists. Because Mother failed to put forth any evidence of a marriage between herself and Father and because Mother appears to have pursued a "divorce" and transfer of the SAPCR to Jefferson County only after she received an unfavorable ruling in Hunt County, Respondent did not abuse his discretion in denying her motion to transfer.

Moreover, transferring the proceedings away from the county where the Child has lived for the last five years would not be in the Child's best interest.

## III.
### ARGUMENT

**A. RESPONSE TO ISSUE**

**Respondent did not abuse his discretion in denying Mother's motion to transfer the SAPCR from Hunt County to Jefferson County.**

**1. Mother was not entitled to a mandatory transfer of continuing exclusive jurisdiction from Hunt County to Jefferson County.**

**a. Establishing the existence of a valid marriage to be dissolved is a condition precedent to a mandatory transfer under Texas Family Code Section 155.201(a).**

Mother alleges that she is entitled to a mandatory transfer of the SAPCR from Hunt County to Jefferson County pursuant to Texas Family Code Section 155.201(a). Pet.:22–24.[2] Texas Family Code Section 155.201 provides in pertinent part:

(a) On the filing of a motion showing that a suit for dissolution of the marriage of the child's parents has been filed in another court and requesting a transfer to that court, the court

---

[2] Mother's Petition for Writ of Mandamus shall be referred to as Pet. and will be cited by page number where appropriate. **Pet.:__**.

having continuing, exclusive jurisdiction of a suit affecting the parent-child relationship shall, within the time required by Section 155.204, transfer the proceedings to the court in which the dissolution of the marriage is pending. The motion must comply with the requirements of Section 155.204(a).

(b)     If a suit to modify or a motion to enforce an order is filed in the court having continuing, exclusive jurisdiction of a suit, on the timely motion of a party the court shall, within the time required by Section 155. 204, transfer the proceeding to another county in this state if the child has resided in the other county for six months or longer.

Tex. Fam. Code § 155.201. While there is no allegation that subsection (b) would be applicable under the facts of this case, case law interpreting both subsections (a) and (b) are instructive, as they each provide that under certain circumstances, the court "*shall*, within the time required by Section 155.204, transfer the proceedings" to the appropriate court. *See* Tex. Fam. Code § 155.201(a)–(b).[3] Mother claims that because she has filed for dissolution of her alleged informal marriage to Father, Respondent lacked discretion to deny her motion to transfer, regardless of whether she can actually establish the existence of an informal marriage. Pet.:22–24.

---

[3] Other than the different conditions precedent, the only notable difference between the two sections is the time requirement for filing the motion to transfer. Under Subsection (b), the motion to transfer must be filed "at the time the initial pleadings are filed," but under Subsection (a), the motion to transfer may be filed "at any time." *See* Tex. Fam. Code §§ 155.201, 155.204.

Contrary to Mother's assertions, a motion to transfer pursuant to Texas Family Code Section 155.201 does not automatically require a court to grant such a motion. *See* Tex. Fam. Code §§ 155.201, 155.204. If a party contesting the motion to transfer files a controverting affidavit, a hearing must be held to determine whether grounds exist to support a transfer. *See* Tex. Fam. Code § 155.204(d), (g); *cf. In re Hancock*, No. 13-09-00123-CV, 2009 WL 1089481, at \*2 (Tex. App.—Corpus Christi 2009, no pet.) (no hearing required when no controverting affidavit filed). Here, Mother filed a motion to transfer, and within the time requirement of Texas Family Code Section 155.204, Aunt and Uncle filed objections to Mother's motion to transfer, to which was attached Aunt's controverting affidavit. **OA.15–16**; *see* Tex. Fam. Code 155.204(d). Thus, Respondent was only required to transfer the proceeding after finding grounds for such a transfer existed. *See* Tex. Fam. Code § 155.204(g); *see In re Powell*, 79 S.W.3d 814, 816 (Tex. App.—Fort Worth 2002, orig. proceeding) (trial court had no discretion to transfer under Tex. Fam. Code § 155.201(b) *if* child resided in different county six months or more).

Mother argues that because Aunt and Uncle challenged only the validity of Mother and Father's alleged marriage and not whether a divorce petition was filed, Aunt and Uncle did not properly contest whether Mother was entitled to a transfer. Pet.:26. However, a trial court has a duty to transfer a SAPCR only after a proper showing that a divorce is pending in another court. *See In re M.A.S.*, 246 S.W.3d 182, 184 (Tex. App.—San Antonio 2007, no pet.); *Neal v. Avey*, 853 S.W.2d 707, 709 (Tex. App.—Houston [14th Dist.] 1993, writ denied); *Yates v. Gaithier,* 725 S.W.2d 529, 531 (Tex. App.—Dallas 1987, no writ). The mandatory duty to transfer a case pursuant to Texas Family Code Section 155.201(a) is triggered only after factual findings that:

- the child is the biological child of both parties to the divorce; and

- a marriage between the parents subject to dissolution exists.

*M.A.S.*, 246 S.W.3d at 184. By its terms, the statute requires a certain factual showing before the mandatory duty to transfer is triggered. *Id.*

Here, there is no dispute that Mother and Father are the biological parents of the Child. However, other than her bare, self-serving assertions, Mother provided no evidence to Respondent that an informal marriage sub-

ject to dissolution exists between herself and Father.[4] Without sufficient grounds to justify a transfer, Respondent did not abuse his discretion in denying Mother's request. *See* Tex. Fam. Code § 155.204(g); *see Powell*, 79 S.W.3d at 816. Accordingly, this Court should deny Mother mandamus relief.

### b. Transferring the SAPCR from Hunt County to Jefferson County would not be in the Child's best interest.

The policy reason behind uniting a SAPCR and divorce proceeding is to promote judicial economy and prevent re-litigation of previously litigated issues. *Fite v. Nelson*, 869 S.W.2d 603, 605 (Tex. App.—Houston [14th Dist.] 1994, no writ) (addressing former Tex. Fam. Code § 11.06(c)[5], subsequently recodified as Tex. Fam. Code § 155.201(a)). The legislative scheme of the Texas Family Code's treatment of continuing jurisdiction and parent-child matters creates a system that avoids forum shopping, races to the courthouse, child snatching, and the harassment of conservators by another con-

---

[4] Although Mother was asked via subpoena duces tecum to appear and produce documents to support her claim of marriage (i.e., marriage license, declarations and registrations of informal marriages, and diaries, notes, etc.), Mother failed to appear or produce any requested documentation. **RPI.App.6**; **2RR:13–14**; **6RR:3-4.**

[5] Former Texas Family Code Section 11.06(c) provided:
> On a showing that a suit for dissolution of the marriage of the child's parents has been filed in another court, the court having continuing jurisdiction of a suit affecting the parent-child relationship shall transfer the proceedings to the court where the dissolution of the marriage is pending.

Tex. Fam. Code § 11.06(c) (Repealed by Acts 1995, 74th Leg., ch. 20, § 2, eff. April 20, 1995).

servator filing suits in random courts. *Trader v. Dear*, 565 S.W.2d 233, 235 (Tex. 1978) (orig. proceeding). "The best interest of the child *shall always* be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child." Tex. Fam. Code § 153.002 (emphasis added). "[I]n general, the county of the child's residence is in the best position to determine the 'best interests' of the child." *In re Cooper*, 320 S.W.3d 905, 911 (Tex. App.—Texarkana 2010, orig. proceeding).

Here, unlike in typical divorce suits, Mother and Father do not have primary possession of the Child and neither of them reside with the Child. **OA.1**; **RPI.App.5**. In fact, they only have limited, supervised access to the Child in Hunt County. **RPI.App.5:2–3**. Mother did not claim an informal marriage to Father until almost five months after she filed her SAPCR— notably two months after temporary orders were issued limiting her to supervised visitation with the Child. **OA.2, 12**; **RPI.App.5:2–3**.

While in typical situations, uniting a divorce and SAPCR would be in a child's best interest, here, the opposite is true. At the time Mother filed her SAPCR, the Child had already lived with Aunt and Uncle in Hunt County for over a year and has now resided with Aunt and Uncle for over five years. **RPI.App.1:5–8**; **OA.2**. Aunt and Uncle have established their ability to pro-

vide the Child with a stable and loving home and to provide for the emotional and physical needs of the Child. **RPI.App.1:5–8**. Mother, on the other hand, after kidnapping the Child, has been ordered to only see the Child under supervised conditions in Hunt County. **RPI.App.1:5–8**; **RPI.App.5:2–3**. All the evidence and witnesses most relevant to a conservatorship determination for the Child are located in Hunt County. *See Cooper*, 320 S.W.3d at 911. Contrarily, the Child has no ties to Jefferson County other than Mother's divorce proceeding involving an alleged informal marriage.[6] *See* **OA.12**. Mother has presented no evidence that hearing the SAPCR in Jefferson County would be in the Child's best interest. Therefore, because the Child has lived with Aunt and Uncle in Hunt County since August 12, 2010, Hunt County is in the best position to determine the best interests of the Child. *See Cooper*, 320 S.W.3d at 911; **RPI.App.1:5–8**.

---

[6] Mother also appears to have limited ties to Jefferson County. On May 12, 2011, Father filed a petition for bill of review, in which he alleged Mother lived in Hunt County, where she had been exercising her supervised visitation with the Child. **OA.6:1**. Less than 90 days later, on August 2, 2011, Mother filed in Jefferson County her petition for dissolution of an alleged informal marriage claiming to have been a resident of that county for at least 90 days. **OA.12**.

### c. Mandatory transfer provisions of the Family Code were not meant as a tool to manipulate venue and to play courts off one against the other through the use of a petition for divorce.

The mandatory transfer provisions of the Texas Family Code should not be used to manipulate venue to begin a SAPCR anew in an effort to avoid an undesirable final order. *In re R.E.A.*, No. 13–10–00557–CV, 2011 WL 3557427, at *1 (Tex. App.—Corpus Christi 2011, no pet.) (mem. op.); *M.A.S.*, 246 S.W.3d at 184; *Garza v. Texas Dept. of Human Services*, 757 S.W.2d 44, 45 (Tex. App.—San Antonio 1988, writ denied).

In *Garza*, the State sought to terminate the mother's parental rights to four of her five children. 757 S.W.2d at 45. During a hearing, both the mother and her husband admitted that they were not actively seeking a divorce. *Id.* at 47. However, after the case had been pending for more than two-and-a-half years, within minutes of the trial beginning, the mother filed a petition for divorce in a different county. *Id.* The appellate court stated that the sole effect of the newly-filed divorce petition was to delay adjudication of the termination proceeding. *Id.* The court held that this manipulation could not have been the intent of the drafters of the Texas Family Code. *Id.* "To accept [the mother's] argument under these facts…would be to acquiesce in gross abuse of the

judicial system, with incessant delay in a necessary by-product, and to invite forum-shopping by means of manipulative delays." *Id.* at 48.

In *M.A.S.*, the mother gave a third party custody of the child shortly after the child's birth. 246 S.W.3d at 182. The child's father was not a party to that suit, which was in Bexar County. *Id.* at 183. About six months later, the father filed a SAPCR in Reeves County seeking custody of the child. *Id.* The father also filed in Bexar County a motion to transfer continuing exclusive jurisdiction from Bexar County to Reeves County, but he did not allege that he and the mother were married. *Id.* Three days before trial in Bexar County, the father filed a petition for divorce in Reeves County. *Id.* The father notified the Bexar County trial court of the pending divorce, but the Bexar County court declined to transfer the case. *Id.*

The trial court concluded that the divorce petition was "a sham to wrongfully divest [the Bexar County] court of jurisdiction," and evidence supported that conclusion. *Id.* The appellate court affirmed the trial court's refusal to transfer the case, and noted that "mandatory transfer provisions of the Family Code were not meant as a tool to manipulate venue and to play courts off one against the other through the use of a petition for divorce." *Id.* (internal quotes omitted).

In *R.E.A.*, the father filed a SAPCR seeking to modify a prior custody order. 2011 WL 3557427, at \*1. Two days before trial, after the suit had been pending for about two years, and despite the fact that the mother and the father had not cohabitated in at least three years, the mother filed for divorce in another county alleging an informal marriage to the father. *Id.* The appellate court, relying on *M.A.S.*, held that the trial court was justified in finding that the divorce was only filed to manipulate the Family Code's mandatory transfer provisions and properly denied the mother's request to transfer the case to a different county. *Id.* at \*3.

Mother argues that the "manipulation findings" in *M.A.S.* and *R.E.A.* were based solely on timing issues. Pet.:37–38. Mother reads these cases too narrowly.

In both *M.A.S.* and *R.E.A.*, the facts before the court indicated that a transfer was being sought to avoid a final order from one court and to instead begin the proceedings anew in a different county. *M.A.S.*, 246 S.W.3d at 184; *R.E.A.*, 2011 WL 3557427, at \*3. Similarly, here, Mother did not allege an informal marriage or seek to transfer the proceedings until after the temporary orders were signed restricting her to limited visitation with the Child supervised by an off-duty Hunt County police officer. **OA.12**; **RPI.App.5:2–3**.

Sufficient evidence supported Respondent's conclusion that Mother's motion to transfer was a form of gamesmanship and was filed with the intent to manipulate the Family Code's mandatory transfer provisions. Here, Mother:

- kidnapped the child in disregard of the trial court's possession order, **OA.1**; **RPI.App.1**;

- relocated to Jefferson County less than 90 days before filing her suit for dissolution of her alleged informal marriage, *see* **OA.6:1**; **OA.12**;

- failed to identify the Hunt County conservatorship orders in her Jefferson County petition for dissolution of her alleged informal marriage, **OA.12;**

- failed to respond at all to Aunt and Uncle's discovery requests for well over a year; **2RR:13**; **1RREx:2–19:REx2–3**; and

- failed to serve Aunt and Uncle until May 27, 2015, almost four years after filing for suit for dissolution of her alleged informal marriage (August 2, 2011) and after filing her motion for transfer (August 15, 2011). **RPI.App.7**.

Thus, Respondent did not abuse his discretion in denying Mother's motion to transfer. Accordingly, this Court should deny Mother's mandamus relief.

> ### d. Here, conservatorship of the Child is not an integral part of Mother and Father's alleged informal marital relationship.

Relying on *In re Marriage of Allen*, Mother argues that it is undesirable to permit "different courts to control the various segments *of the marital relationship…*" Pet.24 (quoting *Allen*, 593 S.W.2d 133, 136 (Tex. Civ. App.—Amarillo 1979, no writ) (emphasis added). However, as discussed above, Mother and Father—the parties to the divorce involving an alleged informal marriage—did not have managing conservatorship of the Child, so the conservatorship of the Child was not necessarily an integral segment of their alleged informal marital relationship. **OA.1**.

> ### 2. Mother failed to diligently seek a hearing on her motion to transfer.

Mother argues that actions outside her control prevented her ability to have a hearing on her motion to transfer. Pet.:31–32. However, multiple hearings were set on her motion to transfer, and she failed to insist that her motion be heard during the almost four years that her dissolution of the alleged

informal marriage and her motion to transfer were pending. Mother never challenged the trial court's order that there would be no hearing on her motion to transfer until after Father complied with the discovery order. *See* **OA.36**. To the contrary, rather than challenge that order or properly serve Aunt and Uncle with her petition to dissolve her alleged informal marriage, Mother sought affirmative action from Respondent and his predecessor. *See* **OA.41, 43**. Mother requested mediation and a final hearing without reasserting a request for a hearing on her motion to transfer or pursuing her Jefferson County dissolution proceeding. *See* **OA.41, 43**. Not until the month of final trial did Mother finally set her motion to transfer for two days before the final hearing having yet to serve Aunt and Uncle with her Jefferson County dissolution proceeding. **OA.43, 46**. Thus, Mother's arguments that Respondent did not timely hear her motion are disingenuous.

Mother argues that because Texas Family Code Section 155.204(a) permits a request for a request for a transfer "at any time," a party cannot waive the right to transfer. Pet.:29–30. Mother appears to contend that she could fully participate in the proceedings and then be entitled to transfer the day before final trial despite her apparent prior intentions to fully litigate the suit in the initial court. Pet:30. However, as discussed above, the mandatory

transfer provisions of the Family Code should not be used to manipulate the court's authority in this manner. *R.E.A.*, 2011 WL 3557427, at *1; *M.A.S.*, 246 S.W.3d at 184; *Garza*, 757 S.W.2d at 45.

Mother also argues that the trial court improperly imposed a condition precedent on her hearing on her motion to transfer venue by requiring Father to first comply with the court's discovery order. Pet.:31. However, Mother has not challenged the discovery order, which was signed more than two years before she sought mandamus relief. *See* **OA.36**. Mother also ignores the relevance of the sought discovery to her motion to transfer. **2RR:13**; **OA.27:Ex.A; RPI.App.6**; **6RR:3-4.**

Thus, because Mother failed to diligently seek a hearing on her motion to transfer and instead sought to manipulate venue and to play courts off one against the other through the use of a petition for divorce, Respondent did not abuse his discretion in denying Mother's motion to transfer. Accordingly, this Court should deny Mother mandamus relief.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, for all the foregoing reasons alleged and briefed herein, Real Parties in Interest Jennifer Nowell and John Nowell pray that this Court deny Tara Brook Tyndell's Petition for Writ of

Mandamus. Real Parties in Interest Jennifer Nowell and John Nowell further request this Court grant them such other relief, both general and special, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

**GEORGANNA L. SIMPSON, P.C.**
1349 Empire Central Drive
Woodview Tower, Ste. 600
Dallas, Texas 75247
Phone: 214-905-3739 • Fax: 214-905-3799
georganna@glsimpsonpc.com

/s/ *Georganna L. Simpson*

**GEORGANNA L. SIMPSON**
Texas Bar Number 18400965
**Attorney for Real Parties in Interest,
Jennifer and John Nowell**

## CERTIFICATION OF FACTS AND VERIFICATION OF RECORD

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I certify that I have thoroughly reviewed the Court's file in this matter. I have personal knowledge of the facts stated herein and such matters are true and correct. Additionally, I have personal knowledge that the items in the appendix and record are true and correct copies of documents material to Real Parties in Interest's claims and are either pleadings that are on file in the underlying suit, hearing transcripts and exhibits, or orders signed by the trial court in the underlying suit in this cause No. 76,122 in the 196th Judicial District Court of Hunt County, Texas.

/s/ *Georganna L. Simpson*
Georganna L. Simpson

## CERTIFICATE OF COUNSEL REGARDING WORD COUNT

Pursuant to Texas Rule of Appellate Procedure 9, I certify that the word count in this Response to Petition for Writ of Mandamus, excluding the caption and introductory matters, signature, proof of service, certification, certificate of compliance, and appendix, **totals 5,249 words**.

/s/ Georganna L. Simpson
**Georganna L. Simpson**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Real Parties in Interest Jennifer Nowell and John Nowell Response to Petition for Writ of Mandamus has been served as follows:

**Hon. J. Andrew Bench**                                                      **Via E-Service**
196th Judicial District Court                                    jdeary@huntcounty.net
P.O. Box 1097
Greenville, Texas 75401-1097
**Respondent**

**E. Alan Bennett**                                                              **Via E-Service**
Sheehy, Lovelace & Mayfield, P.C.                            abennett@slmpc.com
510 N. Valley Mills Dr., Ste. 500
Waco, TX 75710
**Relator Tara Brook Tyndell's Attorney**

/s/ Georganna L. Simpson
**Georganna L. Simpson**

# REAL PARTIES IN INTEREST
# JOHN AND JENNIFER NOWELL'S APPENDIX

In support of this Petition, Real Parties in Interest submit this Appendix, in compliance with Rule 53.3(j) of the Texas Rules of Appellate Procedure:

**Tab 1:**   **Motion for Enforcement of Possession or Access with Temporary Restraining Order and Extraordinary Relief (03/28/11)**

**Tab 2:**   **Request for Warrant to Take Physical Custody of Child (03/29/11)**

**Tab 3:**   **Order for Issuance of Warrant to Take Physical Custody of Child (03/29/11)**

**Tab 4:**   **Motion to Deny Relief in Suit to Modify Parent-Child Relationship, Motion to Dismiss, and in the Alternative, Motion to Abate Proceedings (06/01/11)**

**Tab 5:**   **Bridge Temporary Orders (06/02/11)**

**Tab 6:**   **Subpoena Duces Tecum to Mother (02/10/12)**

**Tab 7:**   **Citation serving Mother's Original Petition for Divorce on Aunt and Uncle (05/27/15)**

NO. 76,122

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| K█ T█ W█ | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## MOTION FOR ENFORCEMENT OF POSSESSION OR ACCESS WITH TEMPORARY RESTRAINING ORDER AND EXTRAORDINARY RELIEF

### Parties

This Motion for Enforcement of Possession or Access is brought by JENNIFER NOWELL and JOHN NOWELL, Movant, Joint Managing Conservators of █████████. The last three numbers of JENNIFER NOWELL's driver's license number are ██ The last three numbers of JENNIFER NOWELL's Social Security number are ██ The last three numbers of JOHN NOWELL's driver's license number are ██ The last three numbers of JOHN NOWELL's Social Security number are ██

1.    Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

2.    Movants are joint managing conservators.

### Child

3.    The child the subject of this suit is:

Name:       █████████
Sex:        Male
Birth date: ████

4.    This Court has continuing, exclusive jurisdiction of this case as a result of prior proceedings.

## Service

5.      The parties entitled to notice are as follows:

      a.      Respondent, TARA BROOK TYNDELL, who is a possessory conservator.

Process should be served.

## Prior Order

6.      On November 30, 2010 this Court signed Agreed Order in Suit Affecting the Parent-Child Relationship that states in relevant part as follows:

      a.      *"Possession and Access*
      *1.   Possession Order*
      *Possession and access by the possessory conservator shall be as agreed between the parties."*

Movants were the Petitioners and Respondent was the respondent in the prior proceedings.

## Contempt

7.      Respondent has failed to comply with the order described above as follows:

Respondent kidnapped the child on March 28, 2011 at 1:11 p.m. from the McDonald's located in Greenville, Hunt County, Texas as detailed in the Affidavit's of Jennifer Nowell and John Nowell attached as Exhibits "1" and "2."

8.      Movants request that Respondent be held in contempt, jailed, and fined for each violation alleged above.

9.      Movants believe, based on the conduct of Respondent, that Respondent will continue to fail to comply with the order. Movants request that Respondent be held in contempt, jailed, and fined for each failure to comply with the order of the Court from the date of this filing to the date of the hearing on this motion.

10.     Movants request that Respondent be confined in the county jail for eighteen months or until Respondent complies with the order of the Court.

11. Movants request that Respondent be placed on community supervision for ten years on release from jail or suspension of commitment.

12. On two or more occasions, Respondent has failed to comply with the order of the Court by failing to surrender the child to JENNIFER NOWELL and JOHN NOWELL as ordered. Movants request that the Court order a bond or security for compliance with the Court's order granting possession of or access to the child.

13. Movants request that the Court order additional periods of possession for Movants to compensate for those periods denied by Respondent.

14. Movants request that, if the Court finds that any part of the order sought to be enforced is not specific enough to be enforced by contempt, the Court enter a clarifying order more clearly specifying the duties imposed on Respondent and giving Respondent a reasonable time within which to comply.

## Request for Extraordinary Relief

As the basis for the extraordinary relief requested below, Petitioners would show that prior to the filing of this action that Respondent has engaged in the conduct set forth in the Affidavits attached to this pleading. Based upon the Affidavit's attached hereto and incorporated herein by reference as through fully set forth, Petitioners request the Court to grant the following relief:

   a. Issue an ORDER attaching the body of the child █████████████████ and ORDERING that such child be delivered to Petitioners pending hearing of the Motion for Enforcement in this cause; and

   b. Issue an ORDER excluding Respondent from possession of or access to the child, ██████████████████ pending hearing of the Motion for Enforcement in this cause.

## Attorney's Fees

15. It was necessary to secure the services of Shannon M. Estrada, a licensed attorney, to enforce and protect the rights of JENNIFER NOWELL and JOHN NOWELL and the child the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees, expenses, and costs, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Enforcement of the order is necessary to ensure the child's physical or emotional health or welfare. The attorney's fees and costs should be enforced by any means available for the enforcement of child support including contempt but not including income withholding. Movants request postjudgment interest as allowed by law.

Movants pray that Respondent be held in contempt and punished as requested, that the Court order community supervision, that the Court order a bond or security, that the Court clarify any part of its prior order found not to be specific enough to be enforced by contempt, for attorney's fees, expenses, costs, and interest, and for all further relief authorized by law.

Respectfully submitted,

LAW OFFICE OF SHANNON M. ESTRADA
2507 Washington Street
P.O. Box 765
Greenville, Texas 75401
Tel: | 903.455.1876
Fax: | 903.455.1710

By:_____

Shannon M. Estrada
State Bar No. 24027370
Attorney for Movants

NO. 76,122

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| K███ T███ W█████████ | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## AFFIDAVIT OF JENNIFER NOWELL

JENNIFER NOWELL appeared in person before me today and stated under oath:

"My name is JENNIFER NOWELL. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the Co-Petitioner in this case and a joint managing conservator or ████████ ████████ with my husband, John Nowell. ████ is my nephew. On November 30, 2010, an Agreed Order in Suit Affecting the Parent-Child Relationship was entered with this Court wherein my husband, John, and I were named joint managing conservators of the ████ and his biological mother Tara Brook Tyndell was named as possessory conservator. Ms. Tyndell has the right to possession and access to ████ as at the discretion of me and my husband for all times as agreed between the parties.

John and I have had physical possession of ████ age 2, since August 12, 2010. The Agreed Order entered in November was in ████ best interest providing him a stable, safe and loving home.

At approximately 1:11 p.m., Tara Tyndall and her boyfriend, Eddie Augusting, came to the McDonald's in Greenville, Texas as we had scheduled a visitation for Tara and ████ from 1p.m.-2 p.m. Shortly after their arrival, the siren/alarm sounded in the play-area. Eddie had exited the emergency door. I then saw Tara running out of the other door with ████ She then jumped into the passenger seat with ████ and Eddie drove off. We called 911 at 1:12 p.m., gave the vehicle description and license plate number to the dispatcher (green Chrysler minivan, ████████ (TX), and they were heading East on I-30.

It took the police 30 minutes to get to the McDonalds. I provided the officer with Tara's mobile phone numbers, residence in Port Neches, Texas and the officer reviewed the conservatorship Order. The officer said he will issue a broadcast for this region and the Beaumont region, but will need a Court Order to obtain physical custody of the child.

Tara did not have permission to remove ███ from McDonalds or from our possession.

Further affiant sayeth not."

_Jennifer Nowell_
JENNIFER NOWELL

SIGNED under oath before me on **March 28, 2011** .

_Jamie Thomas_
Notary Public, State of Texas

JAMIE THOMAS
MY COMMISSION EXPIRES
March 27, 2012

## NO. 76,122

| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| K███ T███ W████████ | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## AFFIDAVIT OF JOHN NOWELL

JOHN NOWELL appeared in person before me today and stated under oath:

"My name is JOHN NOWELL. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the Co-Petitioner in this case and a joint managing conservator or ███ Titus Williamson with my wife, Jennifer Nowell. ███ is my nephew. On November 30, 2010, an Agreed Order in Suit Affecting the Parent-Child Relationship was entered with this Court wherein my wife, Jennifer, and I were named joint managing conservators of the ███ and his biological mother Tara Brook Tyndell was named as possessory conservator. Ms. Tyndell has the right to possession and access to ███ as at the discretion of me and my wife for all times as agreed between the parties.

Jennifer and I have had physical possession of ███ age 2, since August 12, 2010. The Agreed Order entered in November was in ███ best interest providing him a stable, safe and loving home.

At approximately 1:11 p.m., Tara Tyndall and her boyfriend, Eddie Augusting, came to the McDonald's in Greenville, Texas as we had scheduled a visitation for Tara and ███ from 1p.m.-2 p.m. Shortly after their arrival, the siren/alarm sounded in the play-area. Eddie had exited the emergency door. I then saw Tara running out of the other door with ███ She then jumped into the passenger seat with ███ and Eddie drove off. I called 911 at 1:12 p.m., gave the vehicle description and license plate number to the dispatcher (green Chrysler minivan, ███████ (TX), and they were heading East on I-30.

It took the police 30 minutes to get to the McDonalds. Jennifer provided the officer with Tara's mobile phone numbers, residence in Port Neches, Texas and the officer reviewed the conservatorship Order. The officer said he will issue a broadcast for this region and the Beaumont region, but will need a Court Order to obtain physical custody of the child.

Tara did not have permission to remove ███ from McDonalds or from our possession.

Further affiant sayeth not."

JOHN NOWELL

SIGNED under oath before me on *March 28, 2011* .

JAMIE THOMAS
MY COMMISSION EXPIRES
March 27, 2012

Notary Public, State of Texas

NO. 76,122

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| K███ T██ W███████ | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## REQUEST FOR WARRANT TO TAKE PHYSICAL CUSTODY OF CHILD

1.     Petitioners, JENNIFER NOWELL and JOHN NOWELL, request a warrant to take physical custody of ████████████████. On March 28, 2011, Petitioners filed Motion for Enforcement of Possession and Access with Temporary Restraining Order and Extraordinary Relief in this Court.

2.     The child currently is in the possession of Respondent, TARA BROOK TYNDELL. The present physical address of Respondent is unknown. Respondent should be served wherever found. The child's present physical address is unknown.

3.     An Agreed Order in Suit Affecting the Parent-Child Relationship was entered in the 196th District Court on November 30, 2010.

4.     The Order for which enforcement is sought has not been vacated, stayed, or modified by a court whose decision must be enforced under chapter 152 of the Texas Family Code.

5.     The Court should issue a warrant to take physical custody of ████████ ████████ because:

a.     ████████████████████ was abducted by TARA TYNDELL, his biological mother, at approximately 1:10 p.m. on March 28, 2011 at the McDonald's located in Greenville, Texas where he was scheduled for a 1-hour of supervised visitation. TARA TYNDELL and her boyfriend, Eddie Augusting, fled McDonald's in his vehicle. Petitioner's called 911 and Greenville Police Department responded to the scene. Petitioners are joint managing conservators of the child. Respondent is a possessory conservator with the right to possession of the child as agreed by the joint managing conservators. The Petitioners did not consent for the child to be removed from their possession. Respondent also has a history of drug abuse.

6.     Based on these facts, Petitioners believe that the child is imminently likely to suffer serious physical harm and to be removed from Texas.

7.      Petitioners ask the Court to direct law enforcement officers to take physical custody of the child immediately. Petitioner further asks the Court to authorize law enforcement officials to enter private property to take physical custody of the child because a less intrusive remedy would not be effective. Petitioner further asks the Court to authorize law enforcement officials to make a forcible entry at any hour.

8.      Petitioners ask the Court to provide for the placement of the child with Petitioners pending final relief. Petitioners further ask the Court to impose any necessary conditions on the placement of the child to ensure the appearance of the child.

9.      It was necessary to secure the services of Shannon M. Estrada, a licensed attorney, to protect the rights of JENNIFER NOWELL and JOHN NOWELL and the child the subject of this suit. Respondent should be ordered to pay reasonable attorney's fees and expenses, and a judgment should be rendered in favor of the attorney and against Respondent and be ordered paid directly to the undersigned attorney, who may enforce the judgment in the attorney's own name. Respondent should be ordered to pay all other costs of this proceeding.

Petitioners pray that the Court grant this Request for Warrant to Take Physical Custody of Child, for attorney's fees, expenses, and costs, and for all further relief authorized by law.

Respectfully submitted,

LAW OFFICE OF SHANNON M. ESTRADA
2507 Washington Street
P.O. Box 765
Greenville, Texas 75401
Tel:  | 903.455.1876
Fax: | 903.455.1710

By:_____
        Shannon M. Estrada
        State Bar No. 24027370
        Attorney for Petitioners

## Verification

The undersigned states under oath: "I have personal knowledge of the facts and allegations stated in paragraph 5.a., and they are true and correct."

_____Jennifer Nowell_____
JENNIFER NOWELL

SIGNED under oath before me on _March 28, 2011_.

_____Jamie Thomas_____
Notary Public, State of Texas

JAMIE THOMAS
MY COMMISSION EXPIRES
March 27, 2012

NO. 76,122

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| K███ T███ W███████ | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## ORDER FOR ISSUANCE OF WARRANT TO
## TAKE PHYSICAL CUSTODY OF CHILD

On March 29, 2011, Petitioners, JENNIFER NOWELL and JOHN NOWELL, presented to this Court a verified request for a warrant to take physical custody of ██████████ ██████████, a child.

On the basis of the sworn statement in the petition and of the testimony of Petitioner and of the evidence and argument of counsel, the Court finds it necessary and proper to issue a warrant to take physical custody of ████████████████ immediately. The Court finds the following facts form a justifiable basis on which this Court has concluded a likelihood of imminent serious physical harm of ██████████████████ or of ██████████ ██████████'s removal from Texas: ██████████████ was abducted by TARA TYNDELL, his biological mother, at approximately 1:10 p.m. on March 28, 2011 at the McDonald's located in Greenville, Texas where he was scheduled for a 1-hour of supervised visitation. TARA TYNDELL and her boyfriend, Eddie Augusting, fled McDonald's in his vehicle. Petitioner's called 911 and Greenville Police Department responded to the scene. Petitioners are joint managing conservators of the child. Respondent is a possessory conservator with the right to possession of the child as agreed by the joint managing conservators. The Petitioners did not consent for the child to be removed from their possession. Respondent also has a history of drug abuse.

IT IS THEREFORE ORDERED that a Warrant to Take Physical Custody of Child immediately be issued commanding any law enforcement officer within Texas to take physical custody immediately of ████████████████, a child, and to place the child safely into the possession of JENNIFER NOWELL and JOHN NOWELL at 9 Timberside Drive, Greenville, Texas, pending final relief.

The person with whom the child is placed is ORDERED to produce the child and Respondent, TARA BROOK TYNDELL, is ORDERED to appear before this Court in its courtroom at 2507 Lee Street, Greenville, Hunt County, Texas on the next judicial day after this warrant is executed, at which time and place a hearing shall be held to determine the right to possession of the child.

Based on the testimony heard by the Court that a less intrusive remedy would not be effective, IT IS ORDERED that law enforcement officers executing this warrant may enter private property to take physical custody of the child.

Due to the exigent circumstances of this case, IT IS ORDERED that law enforcement officers may make a forcible entry at any hour in order to execute this warrant.

SIGNED on ___3-29-11___ .

_____
JUDGE PRESIDING

| | | |
|---|---|---|
| **IN THE INTEREST OF** | § | **IN THE DISTRICT COURT** |
| | § | |
| **K███ T███ W█████** | § | **196TH JUDICIAL DISTRICT** |
| | § | |
| **A CHILD** | § | **HUNT COUNTY, TEXAS** |

## MOTION TO DENY RELIEF IN SUIT TO MODIFY PARENT-CHILD RELATIONSHIP, MOTION TO DISMISS, AND IN THE ALTERNATIVE, MOTION TO ABATE PROCEEDINGS

This Motion to Deny Relief in Suit to Modify Parent-Child Relationship, Motion to Dismiss and In the Alternative, Motion to Abate Proceedings is brought by **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**, Movants and Respondents to a Motion to Modify initially filed by Tara Brook Tyndell.

**JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** show in support:

1. The suit to modify was filed to modify the designation of the person having the exclusive right to designate the primary residence of the child and was filed within one (1) year after the date of the rendition and entry of the order to be modified. The order which Tara Brook Tyndell seeks to modify was rendered on November 30, 2010. Therefore, absent a sworn affidavit establishing sufficient facts to satisfy Tara Brook Tyndell's statutory requirements pursuant to the Texas Family Code, Tara Brook Tyndell's suit to modify must be dismissed, or in the alternative abated until November 10, 2011 or until such time as Tara Brook Tyndell has filed sworn pleadings sufficient to meet Tara Brook Tyndell's statutory requirements.

2. The petition does not contain any attachments or affidavits to provide the Court with adequate facts to support (a) an allegation that the child's present environment may endanger his physical health or significantly impair his emotional development; (b) the allegations that the person who has the exclusive right to designate the primary residence of the child is seeking the modification or consents to the modification and that the modification is in the best interest of the child; or © the allegations that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months and that the modification is in the best interest of the child.

3. **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** request that the Court deny Petitioner's request to modify the designation of the person having the exclusive right to designate the primary residence of the child sought in the Petition to Modify Parent-Child Relationship and refuse to schedule a hearing on that issue. **JENNIFER ELAINE NOWELL** and

**JOHN AUBRY NOWELL** request attorney's fees, expenses, and costs.

4. **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** would also show this Court that Section 156.102, Texas Family Code provides that if Tara Brook Tyndell intends to prosecute her suit before November 10, 2011, then Tara Brook Tyndell must attach an affidavit setting forth at least one of the above-enumerated factors in paragraph 2 above. A copy of Section 156.102, Texas Family Code is attached hereto as Exhibit "A" and incorporated herein the same as if set forth verbatim.

5. **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** would further show that Tara Brook Tyndell has failed to satisfy her statutory requirements to pursue a Motion to Modify within one year from November 30, 2010. Therefore, this Court is without authority to grant any Temporary Orders in favor of Tara Brook Tyndell. Pleading in the alternative and without waiving the foregoing, **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** would show that Tara Brook Tyndell has further failed to set forth any factors whatsoever in her suit to modify sufficient to meet her statutory burden of proof to change the designation of the persons who have the right to establish the primary domicile of the child from **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** to Tara Brook Tyndell as required by Section 156.006, Texas Family Code, a copy of which is attached hereto as Exhibit "B" and incorporated herein the same as if set forth verbatim.

6. **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** would show that Tara Brook Tyndell's motion to modify is a frivolously filed suit for modification in that Tara Brook Tyndell knew or should have known that filing her suit to modify in an untimely manner and against the statutory requirements of the Texas Family Code is the very type of lawsuit which the law abhors. **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** seek sanctions against Tara Brook Tyndell pursuant to Section 156.005, Texas Family Code, a copy of which is attached hereto as Exhibit "C".

**JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** pray the Court grant this motion.

**JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** pray for their attorneys' fees and court costs.

Respectfully submitted,

The Law Office of Morgan & Gotcher

By:_____

**MOTION TO DENY RELIEF, DISMISS, ABATE**                                    2

Holly H. Gotcher, P.C.
State Bar No. 08738100
2610 Stonewall Street
Greenville, Texas 75403-0556
Tel: (903) 455-3183
Fax: (903) 454-4654

ATTORNEY FOR MOVANTS

## Notice of Hearing

*10:00AM*

The above motion is set for hearing on June 2, 2011 at ~~9:00~~ a.m. in the 196th Judicial District Court, 2507 Lee Street, Hunt County Courthouse, Greenville, Texas 75401.
SIGNED on June 1, 2011.

ORIGINAL SIGNED BY
STEPHEN R. TITTLE, JR, JUDGE

_____
Judge or Clerk

## Certificate of Service

I certify that a true copy of the above was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure on June 1, 2011.

_____
Holly H. Gotcher, P.C.
Attorney for **JENNIFER ELAINE NOWELL** and
**JOHN AUBRY NOWELL**

**MOTION TO DENY RELIEF, DISMISS, ABATE**                                          3

# Exhibit "A"

★

home environment supply ground for redesignating managing conservators. [¶] Similarly, a course of conduct pursued by the manager which hampers the ward's opportunities to favorably associate with the other parent may also suffice."

### FAM §156.102. MODIFICATION OF EXCLUSIVE RIGHT TO DETERMINE PRIMARY RESIDENCE OF CHILD WITHIN ONE YEAR OF ORDER

(a) If a suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child is filed not later than one year after the earlier of the date of the rendition of the order or the date of the signing of a mediated or collaborative law settlement agreement on which the order is based, the person filing the suit shall execute and attach an affidavit as provided by Subsection (b).

(b) The affidavit must contain, along with supporting facts, at least one of the following allegations:

(1) that the child's present environment may endanger the child's physical health or significantly impair the child's emotional development;

(2) that the person who has the exclusive right to designate the primary residence of the child is the person seeking or consenting to the modification and the modification is in the best interest of the child; or

(3) that the person who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child for at least six months and the modification is in the best interest of the child.

(c) The court shall deny the relief sought and refuse to schedule a hearing for modification under this section unless the court determines, on the basis of the affidavit, that facts adequate to support an allegation listed in Subsection (b) are stated in the affidavit. If the court determines that the facts stated are adequate to support an allegation, the court shall set a time and place for the hearing.

(d) Subsection (b)(3) does not apply to a person who has the exclusive right to designate the primary residence of the child and who has temporarily relinquished the primary care and possession of the child to another person during the conservator's military deployment, military mobilization, or temporary military duty, as those terms are defined by Section 153.701.

History of Fam. Code §156.102: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Amended by Acts 2001, 77th Leg., ch. 1289, §6, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1036, §20, eff. Sept. 1, 2003; Acts 2009, 81st Leg., ch. 1113, §29 (eff. Sept. 1, 2009), ch. 727, §4 (eff. Sept. 1, 2009). Source: Former Fam. Code §14.08(d), (e).

See also O'Connor's Texas Family Law Handbook (2010), "Affidavit supporting modification of primary conservator within one year," ch. 8-A, §4.5.2, p. 841.

#### ANNOTATIONS

*In re C.S.*, 264 S.W.3d 864, 870 (Tex.App.—Waco 2008, no pet.). "[W]e hold that a party is not entitled to 21 days' notice to respond to a dismissal motion under §156.102(c). *At 872:* [B]ecause of the unique provisions of §156.102(c), we hold that the rule regarding special exceptions does not apply. [¶] This statute permits a denial of relief (or dismissal) without any advance notice to the litigants, solely from the trial court's review of the pleadings."

*In re A.S.M.*, 172 S.W.3d 710, 716 (Tex.App.—Fort Worth 2005, no pet.). "[W]e hold that a suit seeking to *eliminate* or modify the terms of a geographical restriction on a person having the exclusive right to determine a child's primary residence is a 'suit seeking to modify the designation of the person having the exclusive right to designate the primary residence of a child' for purposes of §156.102(a). [¶] Here, [because petition was filed within a year of the original order, mother] was required to file a §156.102 affidavit when she filed her original and first amended petitions seeking to eliminate the geographical restriction."

*Ellason v. Ellason*, 162 S.W.3d 883, 886 (Tex. App.—Dallas 2005, no pet.). "[B]y its clear and unequivocal terms, the affidavit requirement found in §156.102 is applicable only to suits seeking to modify the designation of a person with the exclusive right to determine the primary residence of a child. [T]he affidavit requirement does not apply when at the time suit is filed no person possesses this exclusive right. The order appellee sought to modify in this case stated that both he and appellant had a *joint* right to establish [child's] primary residence. Therefore, ... appellee was not seeking to modify a previously existing *exclusive* right to determine the child's residence. Because appellee was not seeking to modify an exclusive right to determine [child's] residency, §156.102 does not apply to appellee's counter-petition."

*Mobley v. Mobley*, 684 S.W.2d 226, 229 (Tex. App.—Fort Worth 1985, writ dism'd). "It is obvious that the intention of the Legislature in putting §14.08(d) [now §156.102(a)] in the Family Code was to assure

⭐

stability to the provision for custody of divorced parents and to prevent the custody award from being relitigated within a short period of time, except in cases involving the children's physical health and emotional development. Therefore, §14.08(e) [now §156.102(c)] requires that an initial determination be made by the court as to whether the facts sworn to in the affidavit supporting the motion to modify justify a hearing. [¶] To be entitled to have the motion set for a hearing in the instant case, [mother] had to state adequate facts to support the allegation that the child's physical health *may* be endangered or his emotional development significantly impaired. The facts alleged had to be sufficient to show the *possibility* of harm rather than the existence of harm."

## FAM §156.103. INCREASED EXPENSES BECAUSE OF CHANGE OF RESIDENCE

(a) If a change of residence results in increased expenses for a party having possession of or access to a child, the court may render appropriate orders to allocate those increased expenses on a fair and equitable basis, taking into account the cause of the increased expenses and the best interest of the child.

(b) The payment of increased expenses by the party whose residence is changed is rebuttably presumed to be in the best interest of the child.

(c) The court may render an order without regard to whether another change in the terms and conditions for the possession of or access to the child is made.

History of Fam. Code §156.103: Acts 2001, 77th Leg., ch. 1289, §7, eff. Sept. 1, 2001.

History of Former Fam. Code §156.103: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Deleted by Acts 2001, 77th Leg., ch. 1289, §7, eff. Sept. 1, 2001. Source: Former Fam. Code §14.08(c)(4).

## FAM §156.104. MODIFICATION OF ORDER ON CONVICTION FOR CHILD ABUSE; PENALTY

(a) Except as provided by Section 156.1045, the conviction of a conservator for an offense under Section 21.02, Penal Code, or the conviction of a conservator or an order deferring adjudication with regard to the conservator, for an offense involving the abuse of a child under Section 21.11, 22.011, or 22.021, Penal Code, is a material and substantial change of circumstances sufficient to justify a temporary order and modification of an existing court order or portion of a decree that provides for the appointment of a conservator or that sets the terms and conditions of conservatorship or for the possession of or access to a child.

(b) A person commits an offense if the person files a suit to modify an order or portion of a decree based on the grounds permitted under Subsection (a) and the person knows that the person against whom the motion is filed has not been convicted of an offense, or received deferred adjudication for an offense, under Section 21.02, 21.11, 22.011, or 22.021, Penal Code. An offense under this subsection is a Class B misdemeanor.

History of Fam. Code §156.104: Acts 2001, 77th Leg., ch. 1289, §8, eff. Sept. 1, 2001. Amended by Acts 2007, 80th Leg., ch. 593, §3.29, eff. Sept. 1, 2007.

History of Former Fam. Code §156.104: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Deleted by Acts 2001, 77th Leg., ch. 1289, §8, eff. Sept. 1, 2001. Source: Former Fam. Code §§14.021(g), 14.08(c)(5).

See also *O'Connor's Texas Family Law Handbook* (2010), "Types of material & substantial changes," ch. 8-A, §3.1.4(1)(c), p. 832.

## FAM §156.1045. MODIFICATION OF ORDER ON CONVICTION FOR FAMILY VIOLENCE

(a) The conviction or an order deferring adjudication of a person who is a possessory conservator or a sole or joint managing conservator for an offense involving family violence is a material and substantial change of circumstances sufficient to justify a temporary order and modification of an existing court order or portion of a decree that provides for the appointment of a conservator or that sets the terms and conditions of conservatorship or for the possession of or access to a child to conform the order to the requirements of Section 153.004(d).

(b) A person commits an offense if the person files a suit to modify an order or portion of a decree based on the grounds permitted under Subsection (a) and the person knows that the person against whom the motion is filed has not been convicted of an offense, or received deferred adjudication for an offense, involving family violence. An offense under this subsection is a Class B misdemeanor.

History of Fam. Code §156.1045: Acts 2001, 77th Leg., ch. 1289, §9, eff. Sept. 1, 2001.

### ANNOTATIONS

*In re R.T.H.*, 175 S.W.3d 519, 521-22 (Tex.App.—Fort Worth 2005, no pet.). "[I]f the trial court had named [father] as the parent with the exclusive right to determine [child's] primary residence, evidence that [mother] was placed on deferred adjudication for [assaulting father] would be sufficient to support the modification. But §156.1045 does not *compel* the trial court to modify an existing order in such a circum-

FAM §156.102

# Exhibit "B"

modification." *See also In re P.D.M.*, 117 S.W.3d 453, 454 (Tex.App.—Fort Worth 2003, pet. denied) (father's suit for custody was considered modification of final divorce decree after mother, who was managing conservator, died; no parental presumption).

*In re A.J.L.*, 108 S.W.3d 414, 419-20 (Tex.App.—Fort Worth 2003, pet. denied). "A 'party affected' by an order includes a person mentioned in a previous decree in the context of conservatorship. [¶] The order at issue here is ... the custody order rendered in [W's previous divorce] suit affecting [W's ex-H] and [W's] parent-child relationship with their children.... [¶] [Stepfather] was not a party to [W's previous] divorce, nor is he named anywhere in the [custody order from W's previous divorce]. [The custody order from W's previous divorce] does not mention [stepfather] nor adjudicate any of [stepfather's] rights. The facts presented by [stepfather] do not establish that he is a 'party affected' by the [custody order from W's previous divorce] he seeks to modify. Accordingly, we hold that [stepfather] lacks standing to seek modification of the order under §156.002(a)...."

### FAM §156.003. NOTICE

A party whose rights and duties may be affected by a suit for modification is entitled to receive notice by service of citation.

History of Fam. Code §156.003: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Amended by Acts 1999, 76th Leg., ch. 178, §9, eff. Aug. 30, 1999. Source: Former Fam. Code §§11.08(c), 14.08(b).

### FAM §156.004. PROCEDURE

The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter.

History of Fam. Code §156.004: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Source: Former Fam. Code §14.08(b).

### FAM §156.005. FRIVOLOUS FILING OF SUIT FOR MODIFICATION

If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party.

History of Fam. Code §156.005: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Source: Former Fam. Code §14.082.

#### ANNOTATIONS

*Warchol v. Warchol*, 853 S.W.2d 165, 170 (Tex. App.—Beaumont 1993, no writ). "In determining whether the trial court abused its discretion in awarding attorney's fees we must look to the evidence presented, as well as evidence not presented. We do find evidence in the record that the child did not want to leave her mother to live with the father. We find no corroborating evidence supporting the contention that the child should live with the father and be taken away from the mother. Also lacking is evidence of [father's] stable living conditions, that [father] could care for the child on a daily basis, that [father] had plans or routines for the child, nor was there evidence of any support persons available to assist the father in the care of the child. [Father] did take the child to a local psychiatrist ... but offered no testimony from [doctor]. [¶] [Father] has failed to show this Court any abuse of trial court discretion regarding the award of $5,000 attorney's fees."

### FAM §156.006. TEMPORARY ORDERS

(a) Except as provided by Subsection (b), the court may render a temporary order in a suit for modification.

(b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and:

(1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

(2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or

(3) the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

(c) Subsection (b)(2) does not apply to a conservator who has the exclusive right to designate the primary residence of the child and who has temporarily relinquished the primary care and possession of the child to another person during the conservator's military deployment, military mobilization, or temporary military duty, as those terms are defined by Section 153.701.

History of Fam. Code §156.006: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Amended by Acts 1999, 76th Leg., ch. 1390, §15, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1289, §3, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1036,

FAM §156.002



§18, eff. Sept. 1, 2003; Acts 2005, 79th Leg., ch. 916, §17, eff. June 18, 2005; Acts 2009, 81st Leg., ch. 1113, §27 (eff. Sept. 1, 2009), ch. 1118, §2 (eff. Sept. 1, 2009), ch. 727, §2 (eff. Sept. 1, 2009). Source: Former Fam. Code §§11.11(a), 14.08(g).

#### ANNOTATIONS

*In re Sanchez*, 228 S.W.3d 214, 217 (Tex. App.—San Antonio 2007, orig. proceeding). "To determine if temporary orders effectively change the person with the exclusive right to designate primary residence, we must examine the temporary orders in relation to the final order. This determination does not turn on the trial court's characterization of its ruling, but on the substance of the temporary orders. *At 218:* Together, the substantial reduction in [mother's] overall possession time, the restrictions placed on her possession rights, and the indefinite duration of the temporary orders, operate to deprive [her] of any discretion inherent in her right to designate [child's] principal residence. We conclude that the temporary orders effectively change the designation of the person with the exclusive right to designate primary residence under the final order."

*Saxton v. Daggett*, 864 S.W.2d 729, 736 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). "Temporary orders under [Fam. Code] §11.11(a) [now §156.006] are not appealable. Mandamus is the appropriate remedy to attack the issuance of temporary orders...."

*Bolden v. Clapp*, 751 S.W.2d 674, 676 (Tex.App.—Tyler 1988, orig. proceeding). "The question of law involved is what constitutes voluntary relinquishment of actual care, control, and possession so as to satisfy the requirement of [Fam. Code] §14.08(g)(2) [now §156.006(b)(2)] and thus empowering the trial court to enter temporary orders. [Mother] contends that relinquishment is the equivalent of abandonment and analogizes the requirements of §14.08(g)(2) to those for involuntary termination of parental rights under [Fam. Code] §15.02 [now §161.001]. That analogy is inapt. The statutes differ in their provisions and their purposes. *At 677:* We believe §14.08(g)(2) requires something less than the showing required by §15.02. Since the consequences of an action or order under Ch. 14 are not as far-reaching, irrevocable and complete, we conclude that a lesser showing satisfies the voluntary relinquishment requirement of §14.08(g)(2)."

*Sections 156.007-156.100 reserved for expansion*

### SUBCHAPTER B. MODIFICATION OF CONSERVATORSHIP, POSSESSION & ACCESS, OR DETERMINATION OF RESIDENCE

### FAM §156.101. GROUNDS FOR MODIFICATION OF ORDER ESTABLISHING CONSERVATORSHIP OR POSSESSION & ACCESS

(a) The court may modify an order that provides for the appointment of a conservator of a child, that provides the terms and conditions of conservatorship, or that provides for the possession of or access to a child if modification would be in the best interest of the child and:

(1) the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of:

(A) the date of the rendition of the order; or

(B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based;

(2) the child is at least 12 years of age and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child; or

(3) the conservator who has the exclusive right to designate the primary residence of the child has voluntarily relinquished the primary care and possession of the child to another person for at least six months.

(b) Subsection (a)(3) does not apply to a conservator who has the exclusive right to designate the primary residence of the child and who has temporarily relinquished the primary care and possession of the child to another person during the conservator's military deployment, military mobilization, or temporary military duty, as those terms are defined by Section 153.701.

History of Fam. Code §156.101: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Amended by Acts 1995, 74th Leg., ch. 751, §47, eff. Sept. 1, 1995; Acts 1999, 76th Leg., ch. 1390, §16, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1289, §§4, 5, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1036, §19, eff. Sept. 1, 2003; Acts 2009, 81st Leg., ch. 1113, §28 (eff. Sept. 1, 2009), ch. 1118, §3 (eff. Sept. 1, 2009), ch. 727, §3 (eff. Sept. 1, 2009). Source: Former Fam. Code §14.08(c)(1), (g)(3).

See also *O'Connor's Texas Family Law Handbook* (2010), "Modification of custody – generally," ch. 8-A, §3.1, p. 830.

#### ANNOTATIONS

*Lenz v. Lenz*, 79 S.W.3d 10, 14 (Tex.2002). "The Legislature has made clear that '[t]he best interest of the child shall always be the primary consideration of

# Exhibit "C"

modification." *See also In re P.D.M.*, 117 S.W.3d 453, 454 (Tex.App.—Fort Worth 2003, pet. denied) (father's suit for custody was considered modification of final divorce decree after mother, who was managing conservator, died; no parental presumption).

*In re A.J.L.*, 108 S.W.3d 414, 419-20 (Tex.App.—Fort Worth 2003, pet. denied). "A 'party affected' by an order includes a person mentioned in a previous decree in the context of conservatorship. [¶] The order at issue here is ... the custody order rendered in [W's previous divorce] suit affecting [W's ex-H] and [W's] parent-child relationship with their children.... [¶] [Stepfather] was not a party to [W's previous] divorce, nor is he named anywhere in the [custody order from W's previous divorce]. [The custody order from W's previous divorce] does not mention [stepfather] nor adjudicate any of [stepfather's] rights. The facts presented by [stepfather] do not establish that he is a 'party affected' by the [custody order from W's previous divorce] he seeks to modify. Accordingly, we hold that [stepfather] lacks standing to seek modification of the order under §156.002(a)...."

### FAM §156.003. NOTICE

A party whose rights and duties may be affected by a suit for modification is entitled to receive notice by service of citation.

History of Fam. Code §156.003: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Amended by Acts 1999, 76th Leg., ch. 178, §9, eff. Aug. 30, 1999. Source: Former Fam. Code §§11.08(c), 14.08(b).

### FAM §156.004. PROCEDURE

The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under this chapter.

History of Fam. Code §156.004: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Source: Former Fam. Code §14.08(b).

### FAM §156.005. FRIVOLOUS FILING OF SUIT FOR MODIFICATION

If the court finds that a suit for modification is filed frivolously or is designed to harass a party, the court shall tax attorney's fees as costs against the offending party.

History of Fam. Code §156.005: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Source: Former Fam. Code §14.082.

#### ANNOTATIONS

*Warchol v. Warchol*, 853 S.W.2d 165, 170 (Tex. App.—Beaumont 1993, no writ). "In determining whether the trial court abused its discretion in awarding attorney's fees we must look to the evidence presented, as well as evidence not presented. We do find evidence in the record that the child did not want to leave her mother to live with the father. We find no corroborating evidence supporting the contention that the child should live with the father and be taken away from the mother. Also lacking is evidence of [father's] stable living conditions, that [father] could care for the child on a daily basis, that [father] had plans or routines for the child, nor was there evidence of any support persons available to assist the father in the care of the child. [Father] did take the child to a local psychiatrist ... but offered no testimony from [doctor]. [¶] [Father] has failed to show this Court any abuse of trial court discretion regarding the award of $5,000 attorney's fees."

### FAM §156.006. TEMPORARY ORDERS

(a) Except as provided by Subsection (b), the court may render a temporary order in a suit for modification.

(b) While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and:

(1) the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development;

(2) the person designated in the final order has voluntarily relinquished the primary care and possession of the child for more than six months; or

(3) the child is 12 years of age or older and has expressed to the court in chambers as provided by Section 153.009 the name of the person who is the child's preference to have the exclusive right to designate the primary residence of the child.

(c) Subsection (b)(2) does not apply to a conservator who has the exclusive right to designate the primary residence of the child and who has temporarily relinquished the primary care and possession of the child to another person during the conservator's military deployment, military mobilization, or temporary military duty, as those terms are defined by Section 153.701.

History of Fam. Code §156.006: Acts 1995, 74th Leg., ch. 20, §1, eff. Apr. 20, 1995. Amended by Acts 1999, 76th Leg., ch. 1390, §15, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1289, §3, eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 1036,

FAM §156.002

## NO. 76,122

| | | |
|---|---|---|
| IN THE INTEREST OF | § | IN THE DISTRICT COURT |
| | § | |
| K■■ T■■ W■■■■■ | § | 196TH JUDICIAL DISTRICT |
| | § | |
| A CHILD | § | HUNT COUNTY, TEXAS |

## BRIDGE TEMPORARY ORDERS

On June 2, 2011 Court heard Respondents' Motion to Deny Relief in Suit to Modify Parent-Child Relationship, Motion to Dismiss, and in the Alternative, Motion to Abate Proceedings.

### 1. *Appearances*

Petitioner, **TARA BROOK TYNDALL**, appeared in person and through attorney of record, Frederick C. Shelton and Deborah Slye-Miller, and announced ready.

Respondents, **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**, appeared in person and through attorney of record, Holly H. Gotcher and Shannon M. Estrada, and announced ready.

Respondent, **ZACH WILLIAMSON**, appeared in person and through attorney of record, Frederick C. Shelton and Deborah Slye-Miller, and announced ready.

### 2. *Jurisdiction*

The Court, after examining the record, and hearing the evidence and argument of counsel, finds that all necessary prerequisites of the law have been legally satisfied and that this Court has jurisdiction of this case and of all the parties.

### 3. *Record*

The record of testimony was duly reported by Kelly Bryant, the official Court Reporter in and for the 196th Judicial District Court of Hunt County, Texas.

### 4. *Child*

The following orders are for the safety and welfare and in the best interest of the following child:

Name: ■■■■■■■■■■■
Sex: Male
Birth date: ■■■■■■
Home state: Texas

**BRIDGE TEMPORARY ORDERS/27290** **Page 1**

**5.** *Temporary Bridge Orders*

The Court finds that the provisions in these orders relating to conservatorship, possession of and access to the child and child support constitute the temporary bridge orders of this Court.

**6.** *Possession and Access*

1. *Possession Order*

IT IS ORDERED that each conservator shall comply with all terms and conditions of this Possession Order. IT IS ORDERED that this Possession Order is effective immediately and applies to all periods of possession occurring on and after the date the Court signs this Possession Order or until further order of this Court. IT IS, THEREFORE, ORDERED:

(a) Mutual Agreement or Specified Terms for Possession

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Possession Order.

(b) Possession for **TARA BROOK TYNDALL** and **ZACH WILLIAMSON**:

The Court finds the following orders would be in the best interest of the child at this time. IT IS THEREFORE ORDERED as follows:

1. Visitation between **TARA BROOK TYNDALL** and **ZACH WILLIAMSON** and the minor child shall always be under the supervision of an off-duty officer employed by the Hunt County Sheriff's Department, Greenville, Hunt County, Texas on the following days and times as follows:

    a. Thursday, June 2, 2011- Beginning at 6:00 p.m. and ending on Thursday, June 2, 2011 at 7:00 p.m.

    b. Wednesday, June 15, 2011 - Beginning at 6:00 p.m. and ending on Wednesday, June 15, 2011 at 7:00 p.m.

    c. Wednesday, June 29, 2011 - Beginning at 6:00 p.m. and ending on Wednesday, June 29, 2011 at 7:00 p.m.

    d. And every other Wednesday beginning at 6:00 p.m. and ending at 7:00 p.m.

2. All periods of possession of the child shall occur at the west end of the CSRP-Hunt

County Court, Hunt County Health & Juvenile Detention Center (former Hunt County Criminal Justice Center), 2500 Johnson Street, Greenville, Texas 75401 or Aunt Char's Kid Zone, Greenville Sports Complex, #2 Leo Hackney Blvd., Greenville, Texas 75401.

(c)     Undesignated Periods of Possession

**JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** shall have the right of periods of possession of the child at all other times not specifically designated in this Possession Order for the other conservators.

(d)     General Terms and Conditions

Except as otherwise expressly provided in this Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1.     Surrender of Child by **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**- **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** are ORDERED to surrender the child to an off-duty Sheriff's deputy with the Hunt County Sheriff's Office at the beginning of each period of **TARA BROOK TYNDALL** and **ZACH WILLIAMSON'S** possession at the west end of the CSRP-Hunt County Court, Hunt County Health & Juvenile Detention Center (former Hunt County Criminal Justice Center), 2500 Johnson Street, Greenville, Texas 75401 or Aunt Char's Kid Zone, Greenville Sports Complex, #2 Leo Hackney Blvd., Greenville, Texas 75401.

2.     Return of Child by **TARA BROOK TYNDALL** and **ZACH WILLIAMSON** - **TARA BROOK TYNDALL** and **ZACH WILLIAMSON** are ORDERED to return the child to **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**, at the end of each period of **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL'S** possession, at the west end of the CSRP-Hunt County Court, Hunt County Health & Juvenile Detention Center (former Hunt County Criminal Justice Center), 2500 Johnson Street, Greenville, Texas 75401 or Aunt Char's Kid Zone, Greenville Sports Complex, #2 Leo Hackney Blvd., Greenville, Texas 75401.

3.     Personal Effects - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

4.     Inability to Exercise Possession - Each conservator is ORDERED to give notice to the other conservators on each occasion that the conservator will be unable to exercise that

conservator's right of possession for any specified period.

5.    Written Notice - Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

6.    The Sheriff's deputy has the authority to end the visit if he or she feels that continuing the visit is not in the best interest of the child.

7.    The Sheriff's deputy has the authority to change the location of the visit.

8.    **TARA BROOK TYNDALL** shall remit the amount of TWENTY-FIVE AND NO 100THS ($25.00) DOLLARS to the Sheriff's deputy supervising the visit at the beginning time of each visit.

9.    **ZACH WILLIAMSON** shall remit the amount of TWENTY-FIVE AND NO 100THS ($25.00) DOLLARS to the Sheriff's deputy supervising the visit at the beginning time of each visit

This concludes the Possession Order.

2.    *Duration*

The periods of possession ordered above apply to the child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated or until further order of this Court.

7.    *Information Regarding Parties*

Information regarding each party is as follows:

## GREAT-AUNT, JOINT MANAGING CONSERVATOR:

| | |
|---|---|
| **Name:** | **JENNIFER ELAINE NOWELL** |
| Social Security number: | xxx-xx-x█ |
| Driver's license number: | xxxxx█ |
| Issuing state: | Texas |
| Current residence address: | c/o Mr. Tommy Spradling, Sr. |
| | 6204 Live Oak Street, Greenville, Texas 75402 |
| Mailing address: | c/o Mr. Tommy Spradling, Sr. |
| | 6204 Live Oak Street, Greenville, Texas 75402 |
| Home telephone number: | 903-268-2389 |
| Name of employer: | Unknown |
| Address of employment: | Unknown |
| Work telephone number: | Unknown |

## GREAT-UNCLE, JOINT MANAGING CONSERVATOR:

| | |
|---|---|
| **Name:** | **JOHN AUBRY NOWELL** |
| Social Security number: | xxx-xx-▮ |
| Driver's license number: | xxxxx▮ |
| Issuing state: | Texas |
| Current residence address: | c/o Mr. Tommy Spradling, Sr. |
| | 6204 Live Oak Street, Greenville, Texas 75402 |
| Mailing address: | c/o Mr. Tommy Spradling, Sr. |
| | 6204 Live Oak Street, Greenville, Texas 75402 |
| Home telephone number: | 903-268-2389 |
| Name of employer: | Unknown |
| Address of employment: | Unknown |
| Work telephone number: | Unknown |

## MOTHER:

| | |
|---|---|
| **Name:** | **TARA BROOK TYNDALL** |
| Social Security number: | xxx-xx-▮ |
| Driver's license number: | xxxxx▮ |
| Issuing state: | Texas |
| Current residence address: | Unknown |
| Mailing address: | Unknown |
| Home telephone number: | Unknown |
| Name of employer: | Unknown |
| Address of employment: | Unknown |
| Work telephone number: | Unknown |

## FATHER:

| | |
|---|---|
| **Name:** | **ZACH WILLIAMSON** |
| Social Security number: | Unknown |
| Driver's license number: | Unknown |
| Issuing state: | Unknown |
| Current residence address: | Unknown |
| Mailing address: | Unknown |
| Home telephone number: | Unknown |
| Name of employer: | Unknown |
| Address of employment: | Unknown |
| Work telephone number: | Unknown |

*8.* ***Required Notices***

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY

CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the clerk of the Court or by registered or certified mail addressed to the clerk at Hunt County District Clerk, P.O. Box 1437, Greenville, Texas 75403-1437. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Contract Services Section, MC046S, P.O. Box 12017, Austin, Texas 78711-2017.

NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY

SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $10,000.

9.     *Warnings to Parties*

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

10.     *Mutual Temporary Injunction*

The Court finds that the entry of the following temporary injunction while this case is pending is in the best interest of the minor child.

The temporary injunction granted below shall be effective immediately and shall be binding on the parties; on their agents, servants, employees, and attorneys; and on those persons in active

concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is waived.

IT IS ORDERED that **TARA BROOK TYNDALL** is enjoined from:

1. Disturbing the peace of the child or of another party.

2. Withdrawing the child from enrollment in the school or day-care facility where the child is presently enrolled.

3. Hiding or secreting the child from another party.

4. Making disparaging remarks regarding **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**, or **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL'S**, family in the presence or within the hearing of the child.

5. Removing the minor child from the possession of **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL.**

6. Removing the child beyond a geographical area identified by the Court, acting directly or in concert with others.

7. Removing the minor child from the supervision and possession of an off-duty Hunt County Sheriff's Deputy officer.

IT IS ORDERED that **ZACH WILLIAMSON** is enjoined from:

1. Disturbing the peace of the child or of another party.

2. Withdrawing the child from enrollment in the school or day-care facility where the child is presently enrolled.

3. Hiding or secreting the child from another party.

4. Making disparaging remarks regarding **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**, or **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL'S**, family in the presence or within the hearing of the child.

5. Removing the minor child from the possession of **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL.**

6. Removing the child beyond a geographical area identified by the Court, acting directly or in concert with others.

7. Removing the minor child from the supervision and possession of an off-duty Hunt County Sheriff's Deputy officer.

## 11. *Service of Writ*

**TARA BROOK TYNDALL** and **ZACH WILLIAMSON** waive issuance and service of the writ of injunction, by stipulation. IT IS ORDERED that **TARA BROOK TYNDALL** and **ZACH WILLIAMSON** shall be deemed to be duly served with the writ of injunction.

## 12. *Duration*

These Bridge Orders shall continue in force until the signing of the final order or until further order of this Court.

SIGNED on June 2, 2011.

_____
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

The Law Offices of Morgan and Gotcher
P. O. Box 556
2610 Stonewall Street
Greenville, Texas 75403-0556
Tel: (903) 455-3183
Fax: (903) 454-4654

By:_____
Holly H. Gotcher, P.C.
State Bar No. 08738100
Attorney for **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL**

Frederick C. Shelton
P.O. Box 1335
Greenville, Texas 75403
Tel: (903) 454-1000
Fax: (903) 454-1027

By: _____

Frederick C. Shelton

State Bar No. 18211300

Attorney for **TARA BROOK TYNDALL** and **ZACH WILLIAMSON**

$10.00 CASH TENDER

SUBPOENA DUCES TECUM CIVIL

CAUSE NO. 76,122

CLERK OF THE COURT
Ms. Stacey Landrum
District Clerk
P.O. Box 1437
Greenville, Texas 75403

ATTORNEY FOR RESPONDENTS
Holly H. Gotcher
Attorney at Law
P.O. Box 556
Greenville, Texas 75403-0556

## THE STATE OF TEXAS
## SUBPOENA DUCES TECUM

### IN THE INTEREST OF K████ T███ W████████, MINOR CHILD

TO ANY SHERIFF, CONSTABLE, OR BY ANY OTHER PERSON WHO IS NOT A PARTY AND IS NOT LESS THAN EIGHTEEN YEARS OF AGE, OF THE STATE OF TEXAS, GREETING:

YOU ARE HEREBY COMMANDED TO SUMMON:

Tara Brook Tyndell
Hunt County Sheriff's Department
2801 Stuart Street
Greenville, Texas 75401;

to be and **personally appear Tuesday, February 28, 2012 at 9:00 a.m.** before the 196th Judicial District Court located at 2507 Lee Street, Hunt County Courthouse, 3rd Floor, Greenville, Hunt County, Texas, then and there to testify and the truth to speak on behalf of **JENNIFER ELAINE NOWELL** and **JOHN AUBRY NOWELL** concerning the above styled and numbered cause, now pending in said Court, and there to remain from day to day, and from term to term, until discharged by said Court.

***Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.**

The terms "documents," "writings," and "records" are used in this exhibit in their customary broad sense and include without limitation the following items, regardless of origin or location, whether printed, recorded, filmed, or reproduced by any other mechanical process or written or produced by hand; magazines and sexually explicit materials; whether or not claimed to be privileged against discovery on any ground; and whether an original, master, or copy, namely:

**SUBPOENA DUCES TECUM**                                                                 1

microfilm, microfiche, any letters, correspondence, telegrams, mailgrams, messages, message forms, electronic transmissions, e-mails, memorandums, notes, records, purchase orders, change orders, financial records, log books, diaries, minutes, contracts, change proposals, charts, graphs, invoices, shipping receipts, time cards, work orders, memorandums of telephone or personal conversations, negotiations, conferences, interoffice communications, reports, analysis, studies, tape records, computer runs, and any codes necessary to comprehend such runs, books, pamphlets, indexes, photographs, drawings, specifications, statements and any writings of any nature, however produced or reproduced, including all drafts, and non-identical copies of such documents.

You are requested to produce the following documents and information relative to:

A.    ███████████████
      Date of Birth: ███████████; and

B.    Tara Brook Tyndell
      Date of Birth: October 14, 1984; and

C.    Zach Williamson
      Date of Birth: September 26, 1974;

including, but not limited to:

1.    All Income Tax Returns for the years 2005, 2006, 2007, 2008, 2009, 2010 and 2011, including all supporting documents and attachments;

2.    All payroll records showing the gross pay, including commissions, deferred bonus, and/or severance pay, withholding deductions, and net pay for all compensation paid from any and all employers for the period from January 1, 2005 to the date of production of the records;

3.    All original or official written health insurance plan and/or medical reimbursement plans for the period from January 1, 2005 to the date of production of the records;

4.    W-2's from all employers for the period from January 1, 2005 to the date of production of the records;

5.    All diaries, notes, memoranda, journals, calendars, including electronic diaries, notes, memoranda, journals, documents, calendars, other written logs, letters and correspondence, including electronic writings, all drawings, graphs, charts, photographs, tape or electronic recordings, and audio/video recordings which you contend supports the claim of marriage of Tara Brook Tyndell and Zach Williamson for the period from January 1, 2005 to the date of production of the records;

**SUBPOENA DUCES TECUM**                                                      2

6. Entire personnel file from your most recent employer including, but not limited to:

    a. date of employment;
    b. job title and responsibilities;
    c. working hours per week (including overtime);
    d. any absences from work;
    e. dates and hours of sick leave and vacation time;
    f. earnings per week/month;
    g. name of supervisor;
    h. name of person having custody of personnel and employment records;

7. All applications, diaries, notes, memoranda, journals, calendars, including electronic diaries, notes, memoranda, journals, documents, calendars, other written logs, letters and correspondence, including electronic writings, all drawings, graphs, charts, photographs, tape or electronic recordings, and audio/video recordings that constitute or contain matters relevant to any government benefits received by ███████ ████████, Tara Brook Tyndell, and/or Zach Williamson for the period from January 1, 2005 to the date of production of the records;

8. All applications, diaries, notes, memoranda, journals, calendars, including electronic diaries, notes, memoranda, journals, documents, calendars, other written logs, letters and correspondence, including electronic writings, all drawings, graphs, charts, photographs, tape or electronic recordings, audio/video recordings, supporting documentation requested by the Human Service Department to substantiate any request for services and/or benefits, and any other documentation submitted with any request for services or benefits with the Human Service Department to include, but not be limited to, the following benefits:

    a. Medicaid;
    b. Medicare;
    c. SNAP Food Benefits (Food Stamps);
    d. TANF;
    e. CHIPS;
    f. Section 8 Housing;
    g. WIC;
    h. any other government aide requested by and/or benefits received by ████ ████████, Tara Brook Tyndell, and/or Zach Williamson;

9. All marriage licenses for Tara Brook Tyndell, and/or Zachary Scott Williamson;

10. Proof of all informal marriages, including, but not limited to: any and all Declarations and Registrations of Informal Marriage pursuant to Section 2.402 of the Texas

Family Code; and, any and all recordings of Certificate or Declaration of Informal Marriage;

11.  A copy of your Texas Driver's License,

12.  A copy of your Social Security Card- you may redact all but the last 3 characters of the card for privacy purposes;

13.  A copy of any and all motor vehicle titles and records;

14.  All FASFA and other financial aide records with regard to the furthering of the parties' higher education;

15.  A copy of all banking institutions' signature cards.

HEREIN FAIL NOT, and make due return hereof, showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND at Greenville, Texas this the 23rd day January, 2012.

BY: _____

Holly H. Gotcher, P.C.
Attorney of Record for
**JENNIFER ELAINE NOWELL and JOHN AUBRY NOWELL**

## RETURN

Came to hand the 23rd day of January, 2012 at _____ o'clock p.m., and executed on the 23rd day of January, 2012, at _____ o'clock p.m., in Hunt County, Texas, by delivering to Tara Brook Tyndell at Hunt County Sheriff's Department , 2801 Stuart Street, Greenville, Texas 75401, Hunt County, Texas, in person, a true copy of this Subpoena, and tendering said witness in Hunt County, Texas in person, a true copy of this Subpoena, and tendering said witness the sum of $10.00.

FEES - Serving_____ $_____
     Total_____$_____     _____
                              Sheriff, Constable, Citizen of Hunt County, Texas


                              By: _____

                              See
                              Affidavit
                              Attached

**SUBPOENA DUCES TECUM**                                                4

## ACCEPTANCE OF SERVICE

The undersigned witness named in the Subpoena acknowledges receipt of a copy hereof and hereby accepts and waives service of such Subpoena.

Date: ~~1-25-12~~    2-8-12 @ 539 pm      X _____
(Signature of Witness)

See
Affidavit
Attached

**SUBPOENA DUCES TECUM**        5

# AFFIDAVIT OF SERVICE

196TH JUDICIAL DISTRICT COURT
HUNT COUNTY
STATE OF TEXAS

CAUSE #76,122 – IN THE INTEREST OF K█████ T███ W█████████, MINOR CHILD

I, DEBBIE SMITH, BEING DULY SWORN DEPOSE AND SAY;
THAT I AM AUTHORIZED BY WRITTEN ORDER OF THE SUPREME COURT OF THE STATE OF TEXAS TO SERVE CITATIONS AND OTHER NOTICES. I AM A COMPETENT PERSON MORE THAN 18 YEARS OF AGE OR OLDER AND NOT A PARTY TO NOR INTERESTED IN THE OUTCOME OF THE ABOVE STYLED AND NUMBERED CAUSE. I RECEIVED THE DOCUMENTS STATED BELOW ON JANUARY 24, 2012 AT 3:30 P.M. INSTRUCTING FOR SAME TO BE DELIVERED UPON TARA BROOK TYNDELL.

DELIVERED TO: **TARA BROOK TYNDELL**

EXECUTED AT: **HUNT COUNTY SHERIFF'S DEPARTMENT, 2801 STUART STREET, GREENVILLE, TEXAS 75401**

DOCUMENTS DELIVERED: **SUBPOENA DUCES TECUM CIVIL AND $10.00 WITNESS FEE ATTACHED (CHECK)**

DATE AND TIME DELIVERED: **FEBRUARY 8, 2012 AT 5:39 P.M.**

MANNER OF DELIVERY: **PERSONALLY DELIVERING THE DOCUMENT(S) TO THE PERSON ABOVE. (HAND DELIVERED)**

FEES: $ 60.00

I SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE CONTENTS OF THE FOREGOING PAPER IS TRUE AND CORRECT EXECUTED BY:

DEBBIE SMITH - SCH#1139 EXPIRES: 07/31/14
ADDRESS OF PROCESS SERVER: P.O. BOX 9057, GREENVILLE, TX. 75404

## VERIFICATION

ON THIS DAY DEBBIE SMITH APPEARED BEFORE ME, A NOTARY PUBLIC, AND BEING DULY SWORN BY ME STATED THAT HE/SHE HAS PERSONAL KNOWLEDGE OF THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT AND DECLARED THAT THE FACTS CONTAINED THEREIN ARE TRUE AND CORRECT. GIVEN MY HAND AND SEAL OF OFFICE THIS __9__ DAY OF FEBRUARY, 2012.

NOTARY PUBLIC FOR THE STATE OF TEXAS

STEPHANIE R. STUBBLEFIELD
Notary Public
STATE OF TEXAS
My Comm. Exp. 6-30-2012

Cit.doc



D0213033---00040

# THE STATE OF TEXAS

## No. C-0213033

### TARA BROOK TYNDELL
### VS. ZACHARY WILLIAMSON, ET AL

## CITATION

## 317th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: JOHN NOWELL
   SERVE WHEREVER HE MAY BE FOUND

by serving at
            , 0

Respondent in the hereafter styled and number d cause:

   You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, or by bringing it to the office. Our office address is 1149 Pearl St. and we are located on the second floor of the original courthouse building. The case is presently pending before the 317th Family District Court of Jefferson County sitting in Beaumont, Texas, is cause number C-0213033 and was filed on the 2nd day of August, 2011. The style of the case is

TARA BROOK TYNDELL                                                        PLAINTIFF
VS.
ZACHARY WILLIAMSON, ET AL

                                                                          RESPONDENT

### ORIGINAL PETITION FOR DIVORCE

   The court has the authority in this suit to enter any judgment of decree dissolving the marriage and providing for the division of property which will be binding on you.

   The court has the authority in this suit to enter any judgment or decree in the child's interest which will be binding upon you, including the termination of the parent-child relationship, the determination of paternity and the appointment of a conservator with authority to consent to the child's adoption.

ISSUED and GIVEN under my hand and the seal of said court at office, this the 27th day of May, 2015.

                         JAMIE SMITH, DISTRICT CLERK
                         JEFFERSON COUNTY, TEXAS

                    BY _____ Deputy

TOUPS, TONYA CONNELL
2615 CALDER AVE, SUITE 400
BEAUMONT, TX 77702 0000

## RETURN OF SERVICE

C-0213033       317th JUDICIAL DISTRICT COURT

TARA BROOK TYNDELL

ZACHARY WILLIAMSON, ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _Jennifer Nowell_, on the _27_ day of _May_, 20_15_.

_Deputy Julie Harris_, Officer

_Jefferson_, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
JENNIFER NOWELL
SERVE WHEREVER SHE MAY BE FOUND

, 0

### OFFICER'S RETURN

Came to hand on the _27_ day of _May_, 20_15_, at _9:45 A_ o'clock _A_ .m., and executed in _Jefferson_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| Jennifer Nowell | 5-27-15 | 317th Court |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy $ _____

Total       $ _____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
     (First, Middle, Last)

(Street, City, Zip) _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)



D0213033---00039

Cit.doc

# THE STATE OF TEXAS

## No. C-0213033

### TARA BROOK TYNDELL
### VS. ZACHARY WILLIAMSON, ET AL

## CITATION

## 317th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

**To: JENNIFER NOWELL**
**SERVE WHEREVER SHE MAY BE FOUND**

by serving at
, 0

Respondent in the hereafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, or by bringing it to the office. Our office address is 1149 Pearl St. and we are located on the second floor of the original courthouse building. The case is presently pending before the 317th Family District Court of Jefferson County sitting in Beaumont, Texas, is cause number C-0213033 and was filed on the 2nd day of August, 2011. The style of the case is

TARA BROOK TYNDELL                                          PLAINTIFF
VS.
ZACHARY WILLIAMSON, ET AL.

RESPONDENT

ORIGINAL PETITION FOR DIVORCE

The court has the authority in this suit to enter any judgment of decree dissolving the marriage and providing for the division of property which will be binding on you.

The court has the authority in this suit to enter any judgment or decree in the child's interest which will be binding upon you, including the termination of the parent-child relationship, the determination of paternity and the appointment of a conservator with authority to consent to the child's adoption.

ISSUED and GIVEN under my hand and the seal of said court at office, this the 27th day of May, 2015.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _____ Deputy

TOUPS, TONYA CONNELL
2615 CALDER AVE, SUITE 400
BEAUMONT, TX 77702 0000

<u>RETURN OF SERVICE</u>

C-0213033          317th JUDICIAL DISTRICT COURT

TARA BROOK TYNDELL

ZACHARY WILLIAMSON, ET AL

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant ___John Nowell___ on the _27_ day of ___May___ , 20_15_.

___Deputy Julie Harris___ , Officer
___Jefferson___ , County, Texas
By: _____ , Deputy

**ADDRESS FOR SERVICE:**
JENNIFER NOWELL
SERVE WHEREVER SHE MAY BE FOUND

, 0

**OFFICER'S RETURN**

Came to hand on the _27_ day of ___May___ , 20_15_, at _9:45 AM_ o'clock _A_ .m., and executed in ___Jefferson___ , County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| John Nowell | 5-27-15 | 317th Court |

And not executed as to the defendant(s).

The diligence used in finding said defendant(s) being:

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

**FEES:**

Serving Petition and Copy  $ _____
Total                                $ _____

_____ , Officer
_____ , County, Texas
By: _____ , Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____ , my date of birth is _____ , and my address is _____
(First, Middle, Last)

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ , County, State of _____ , on the _____ day of _____ .

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

## 10. *Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

## 11. *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays for general relief.

Respectfully submitted,

SMITH § SHIPLEY LAW
Attorneys at Law
2750 IH-10 East, Ste. 200
Beaumont, Texas 77703
Tel: (409) 899-1046
Fax: (409) 899-2648

By:_____
BRUCE N. SMITH
State Bar No. 18543300
Attorney for Petitioner

3



D0213033---00039

# THE STATE OF TEXAS

## No. C-0213033

## TARA BROOK TYNDELL
## VS. ZACHARY WILLIAMSON, ET AL

## CITATION

## 317th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

**To: JENNIFER NOWELL**
**SERVE WHEREVER SHE MAY BE FOUND**

by serving at
, 0

Respondent in the hereafter styled and numbered cause:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, or by bringing it to the office. Our office address is 1149 Pearl St. and we are located on the second floor of the original courthouse building. The case is presently pending before the 317th Family District Court of Jefferson County sitting in Beaumont, Texas, is cause number C-0213033 and was filed on the 2nd day of August, 2011. The style of the case is

TARA BROOK TYNDELL                                                    PLAINTIFF
VS.
ZACHARY WILLIAMSON, ET AL

                                                                      RESPONDENT

### ORIGINAL PETITION FOR DIVORCE

The court has the authority in this suit to enter any judgment of decree dissolving the marriage and providing for the division of property which will be binding on you.

The court has the authority in this suit to enter any judgment or decree in the child's interest which will be binding upon you, including the termination of the parent-child relationship, the determination of paternity and the appointment of a conservator with authority to consent to the child's adoption.

ISSUED and GIVEN under my hand and the seal of said court at office, this the 27th day of May, 2015.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _____ Deputy

TOUPS, TONYA CONNELL
2615 CALDER AVE, SUITE 400
BEAUMONT, TX 77702 0000

## 10. *Division of Community Property*

Petitioner believes Petitioner and Respondent will enter into an agreement for the division of their estate. If such an agreement is made, Petitioner requests the Court to approve the agreement and divide their estate in a manner consistent with the agreement. If such an agreement is not made, Petitioner requests the Court to divide their estate in a manner that the Court deems just and right, as provided by law.

## 11. *Prayer*

Petitioner prays that citation and notice issue as required by law and that the Court grant a divorce and all other relief requested in this petition.

Petitioner prays for general relief.

Respectfully submitted,

SMITH § SHIPLEY LAW
Attorneys at Law
2750 IH-10 East, Ste. 200
Beaumont, Texas 77703
Tel: (409) 899-1046
Fax: (409) 899-2648

By: _____
BRUCE N. SMITH
State Bar No. 18543300
Attorney for Petitioner

3

| | | |
|---|---|---|
| IN THE MATTER OF<br>THE MARRIAGE OF | § | IN THE DISTRICT COURT |
| | § | |
| TARA BROOK TYNDELL | § | |
| AND | § | 317th JUDICIAL DISTRICT |
| ZACHARY WILLIAMSON | § | |
| | § | |
| AND IN THE INTEREST OF | § | |
| K███ T███ W█████, A | § | |
| CHILD | § | JEFFERSON COUNTY, TEXAS |

## ORIGINAL PETITION FOR DIVORCE

### 1. Discovery Level

Discovery in this case is intended to be conducted under level 2 of rule 190 of the Texas Rules of Civil Procedure.

### 2. Parties

This suit is brought by TARA BROOK TYNDELL, Petitioner. The last three numbers of TARA BROOK TYNDELL's driver's license number are ███ The last three numbers of TARA BROOK TYNDELL's Social Security number are ███

ZACHARY WILLIAMSON is Respondent.

JENNIFER AND JOHN NOWELL, maternal great-aunt and great-uncle of the child subject of this suit.

### 3. Domicile

Petitioner has been a domiciliary of Texas for the preceding six-month period and a resident of this county for the preceding ninety-day period.

### 4. Jurisdiction

The 196th Judicial District Court of Hunt County, Texas has continuing jurisdiction of the child the subject of this suit. The proper request to transfer this matter is this date being made.

### 5. Service

Process should be served on Zachary Williamson where ever he maybe found.

1